## LACKEY et al. v. WAGNER.

No. 11103—Opinion Filed March 13, 1923.

(Syllabus.)

1. **Champerty and Maintenance — Conveyance — Title — Purchase by Adverse Possessor.**

Where the holder of the legal title to real estate who is out of possession conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee, and the person in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title during the pendency of an action commenced against him for possession by this grantor for the benefit of the champertous grantee.

2. **Appeal and Error—Harmless Error—Denial of Jury Trial.**

Where a jury is denied in a case properly triable to a jury, the action of the court is harmless where it appears that a demurrer to the evidence was properly sustained.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Bert Lackey and another against E. E. Wagoner to recover real estate. Judgment for defendant, and plaintiffs bring error. Affirmed.

Wm. McFadyen, for plaintiffs in error.

L. E. McKnight, for defendant in error.

COCHRAN, J. This action was commenced by plaintiff in error to recover the possession of certain real estate in the town of Cement, Okla., and to cancel a tax deed held by defendant in error. The parties will be hereinafter referred to as plaintiff and defendant, as they appeared in the trial court. Upon trial of the case, the court sustained a demurrer to plaintiff's evidence, and this action of the trial court is assigned as error. The testimony shows that defendant had been in possession of the real estate in controversy since August, 1916, and had received a tax deed to said property. At that time, the record title of the property was in Garrett H. Block. On January 16, 1919, plaintiff, Bert Lackey, procured a quitclaim deed to the property from Block, and on January 23, 1919, filed this suit against the defendant. On February 8, 1919, the defendant procured a quitclaim deed from Block, and in the trial of the case relied, not only on his tax deed, but on his deed from Block, from the fact that at the time plaintiff procured his deed, the plaintiff's grantor had not been in possession of the property or taken rents and profits therefor for the space of one year before the conveyance was executed, and that the defendant was in the adverse possession of the premises at the time of the conveyance from Block to Lackey.

The plaintiff sought to avoid the provisions of section 2260, Revised Laws 1910, by making Block a party plaintiff in the action. While this court in the case of Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, held that a grantee might maintain an action in the name of his grantor to recover lands from the adverse holder, the instant case is controlled by the decision in the case of Miller v. Grayson, 64 Okla. 122, 165 Pac. 133, where the court used the following language:

"The only unsettled question, then, necessary to notice, is whether the last deed made by the orignal owners of the land, after the commencement of this action, to the parties in possession holding adversely, was effectual to perfect their title and bar the further prosecution of the suit. This question must be answered in the affirmative here, as it was in the court below."

This opinion by Chief Justice Kane cites numerous authorities supporting the decision of the court and states the established rule to be that a party in possession may purchase in all outstanding titles in order to protect his possession, and also holds that this title may be purchased by the defendant after the legal proceedings are instituted against him for the possession of the champertous grantee. We are of the opinion that the facts in the case at bar come within the rule announced in the above case and the trial court properly sustained the demurrer to the evidence.

Plaintiff further complains because the trial court denied a jury trial. Since we have concluded that the court properly sustained the demurrer to the evidence, a jury could not have availed the plaintiff anything, and even though the case can be considered a jury case, the action of the trial court under the circumstances would be harmless.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, NICHOLSON, and BRANSON, JJ., concur.