## INTERNATIONAL LAND CO. et al. v. SMITH.

No. 13224—Opinion Filed Sept. 30, 1924.

1. **Tenancy in Common—Title by Limitation Against Cotenant—Adverse Possession.**

In order for one tenant in common to acquire title by limitation against another tenant in common, he must do some act towards his cotenant that will amount to a disseisin or denial of the rights of his cotenant, and such as will show an intention to hold adversely to his cotenant, and such act must be totally irreconcilable with a recognition of the rights of his cotenant.

2. **Same—Title by Prescription in Grantee of Inherited Indian Land.**

Where a party takes actual possession of an Indian allotment under a properly executed deed purporting to convey all the title, from the heirs of the deceased allottee who died intestate the owner of the property, and retains the actual, open, notorious, adverse. and exclusive possession of all the land, claiming to own all the title, paying the taxes thereon and making improvements upon the property, and collects and appropriates the rents and profits thereupon, and continues in such possession without interruption for the statutory time, such possession creates in his favor a title by prescription against a prior grantee of any one or more of the heirs of the allottee, and amounts to an ouster of his cotenant. if such cotenancy was ever created by such prior conveyance.

3. **Champerty and Maintenance—Grant of Land Held Adversely.**

Where a deed is made to real estate by a party grantor, not the Indian allottee or his heir, who has never been in possession of the property, and neither such grantor nor those under whom he claims has taken or received rents or profits thereupon for the space of one year before such deed is made, and the deed is made to a stranger to the

title, not in possession, such deed is made in contravention of section 1679, Comp. Stats. 1921, and in contravention of the rights of the record owner in possession, and is champertous and void as against such record owner in possession.

### 4. Same—Right of Person in Possession to Purchase Grantor's Title Pendente Lite.

"Where the holder of the legal title to real estate who is out of possession, conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee, and the persons in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title during the pendency of an action commenced against him for possession by this grantor for the benefit of the champertous grantee." Lackey et al. v. Wagner, 80 Okla. 48, 213 Pac. 742.

### 5. Judgment Sustained.

Record examined; and held that the judgment appealed from is amply supported by the record; and should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; Mark L. Bozarth, Judge.

Action by International Land Company and Mary Stanford, for the use and benefit of A. F. Hennesey and G. W. Johnson against James C. Smith. Judgment for defendant. Plaintiffs appeal. Affirmed.

Norvell, Goodloe & Gambill, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were the plaintiffs below, and the defendant in error was the defendant. The parties will be designated herein as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs, by their petition, sought to recover possession of an undivided two-thirds interest in and to all of the west half of the southwest quarter (W. ½ of S.W. ¼), and the southeast quarter of the southeast quarter (S.E.¼ of S.E.¼) of section five (5), township twelve north (12 N.) range eleven (11) east I. B. M., in Okfuskee county, Okla., and rents and profits, and to quiet title thereto in the plaintiffs. The land is a portion of the allotment of Chemona Harjo, an enrolled Creek Indian, who died intestate prior to allotment, leaving as his sole heirs Robert West, Ella West, and Mary Roberts, who inherited the land in equal shares. The

plaintiffs rely upon the following chain of title: Deed by Robert West, dated October 17, 1905, to International Land Company, purporting to convey an undivided one-third interest in the land. Deed by International Land Company, dated April 25, 1913, to A. F. Hennesey purporting to convey an undivided one-third interest in the land. Deed by Ella West and Mary Roberts dated December 9, 1905, to Ada Smith and Mary Stanford, purporting to convey an undivided two-thirds interest in the land. Deed by Mary Stanford dated May 9, 1913, to A. F. Hennesey, purporting to convey an undivided one-third interest in the land. Based upon the said deeds A. F. Hennesey claimed to be the owner of an undivided two-thirds interest in the property described. A. F. Hennesey made a deed, dated April 2, 1920, to G. W. Johnson, purporting to convey to him an interest in the land. Based upon these deeds A. F. Hennesey and G. W. Johnson claimed ownership and the immediate right to the possession of an undivided two-thirds interest in the land, and for rents and profits thereon for several years, and claimed the right to have the property partitioned, for all of which they prayed in their petition. They concede Smith to be the owner of one-third of the land. The International Land Company claimed no interest, but was appearing as a party plaintiff for and on behalf of Hennesey and his grantee, Johnson.

The defendant admitted being in possession of all of the land, and alleged ownership thereof. His claim to ownership is founded upon the following facts: That on the 3rd of July, 1907, Robert West, Ella West, and Mary Roberts made a deed conveying the land to Ada Smith, and she, in turn, deeded the land to defendant, James C. Smith, the deed being dated August 10, 1908, and the defendant, James C. Smith, has been continuously in possession of all of the land from and after the 3rd day of July, 1907, openly, exclusively, notoriously, and adversely to all the world, claiming to own the entire right, title, and interest in the property; that the said Robert West and his wife, Mary Roberts and her husband, and Ella Morgan (Ella West), the heirs of the allottee, made a deed purporting to convey the land to Webb Land Company, a corporation, which, in turn, conveyed the land to James C. Smith, the defendant; that on the 20th of January, 1908, Mary Stanford, under whom the plaintiffs claim, made a deed conveying all of her right, title, and interest in the land to the defendant, James C. Smith, and therefore had no interest in the land which she could convey to A. F. Hennesey as is claimed to have been done on the 9th

of May, 1913; that the deed which Mary Stanford took from the heirs of the allottee was taken for the benefit of and as trustee for H. E. P. Stanford, and that the said H. E. P. Stanford conveyed to this defendant; that the said heirs of the allottee made a deed, dated August 3, 1908, purporting to convey the land to defendant, James C. Smith , and that said deed was regularly approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee, and also approved by the Secretary of the Interior. The defendant attacks the deed made by the International Land Company to A. F. Hennesey, dated April 25, 1913, and the deed made by Mary Stanford to A. F. Hennesey, dated May 9, 1913, as champertous under the provisions of section 2260, Rev. Laws 1910 (section 1679, Comp. Stats. 1921), and alleges the said deeds to be void. That on the 3rd day of November, 1920, the defendant in possession acquired a quitclaim deed from the International Land Company covering any possible interest which it might have in the land. After alleging continuous adverse possession of the land against all claims from and after July 3, 1907, under color of title, the defendant pleads the Arkansas seven year statute of limitations against the right of the plaintiffs to recover.

The case was called for trial on the 19th of November, 1920, and a jury having been previously waived the trial was had to the court. At the close of the case the court rendered judgment for the defendant, James C. Smith, the journal entry of judgment being filed on the 6th day of December, 1920 The journal entry of judgment recites that the court found the issues generally in favor of the defendant and against the plaintiffs. The court specifically found that the deeds held by A. F. Hennesey and G. W. Johnson were champertous and void. Relief was denied to the plaintiffs and the title of the defendant quieted against their claims.

The plaintiffs prosecute appeal, and present for consideration here that the court erred in holding that (1) there was adverse possession as against A. F. Hennesey, and (2) that the deed taken by A. F. Hennesey was champertous and void.

The evidence on the part of the defendant tended strongly to show that the defendant was in possession of this land long prior to July 3, 1907, under a lease from the Indian heirs; that on that date he came into the chain of title by conveyances from the Indian heirs, and has been in the continuous open, visible, adverse, notorious possession, claiming to be the owner of all the title in and to the said property, and was paying the taxes thereon; that the title had never been openly questioned until this suit was filed, April 6, 1920. It appears that sometime in 1913 A. F. Hennesey bought an oil and gas lease upon the land from James C. Smith in favor of a company represented by Hennesey, and that in examination of the abstract of title he found that so far as the record title was concerned the International Land Company and Mary Stanford appeared to own interests in the land, and Hennesey got busy and procured deeds on which he relies. That was in 1913. It seems at that time Hennesey must have known that defendant was in possession of all the land, and that he was claiming all the title thereto. An examination of the record discloses that the best and strongest that can be said for the plaintiffs is that the testimony upon the question of adverse possession was conflicting. The court found the issues in favor of the defendant and against the plaintiffs. This finding was, in effect, a finding that the defendant was holding adversely to Hennesey and his grantors, and had so held since July 3, 1907. The plaintiffs contend that they were cotenants with the defendants, and consequently the holding was not adverse. This was also in dispute and the court found in favor of the defendant. The record here presented amply sustains the finding of the trial court. The International Land Company had taken a deed from one of the heirs on October 17, 1905. The company had made no claim under the deed until April 25, 1913, when it made a deed to Hennesey. No rents had ever been collected or demanded, and no taxes had ever been paid by it. Six years before that date the same heir, with the others, had deeded the land to the defendant, and he had remained all of the time in possession of all of the land under claim of being the owner. In 1908 he took another deed from the same heirs purporting to convey all the title to the land, and had it approved, and all along kept the taxes paid and had exclusive possession. The basis of the claim of cotenancy is, undoubtedly, the deed made by Robert West to the International Land Company in 1905, and the deed made by the other heirs to Ada Smith and Mary Stanford, also in 1905. Even if these deeds were valid and conveyed title as they upon their faces purported to convey, and had the effect of creating a cotenancy under the circumstances presented here the cotenants of Smith were ousted by him, all of which Mr. Hennesey had good reason to know in 1913 when he bought from Smith the oil and gas lease for his company. Hennesey found what appear-

ed to be a break in Smith's chain of title, and took a chance in buying out the International Land Company for $100, and took a deed from Mary Stanford for a nominal consideration. We think the court was authorized to find from the evidence that if the International Land Company and Mary Stanford were ever cotenants with Smith, he had ousted them and was in the exclusive possession of the land from and after July 3, 1907, and that Hennesey had full notice of the assertion of rights by Smith.

In Hendricks v. Musgrove (Mo.) 81 S. W. 1265, the Missouri court held that:

"In order for one tenant in common to acquire title by limitation against another tenant in common, he must do some act towards his cotenant that will amount to a disseisin or a repudiation or denial of the rights of his cotenant, and such as will show an intention to hold adversely to his cotenant, and such act must be totally irreconcilable with a recognition of the rights of his cotenant. Long v. McDow, supra, and cases cited. It is not essential, however, that it be shown that such acts were brought to the notice of the cotenant. Boyce v. Railroad, 168 Mo., loc. cit. 593, 68 S. W. 920, 58 L. R. A. 442."

The defendant Smith had done all required by the rule there announced.

In Fuller v. Swensberg, 106 Mich. 305, the Michigan court held, that:

"If a cotenant has occupied the common property exclusively, improving it and taking the whole rents and profits without claim or objection by the others, though they lived in the same neighborhood, his possession must be deemed adverse, and, if continued sufficiently long, creates in his favor a title by prescription to the real property.

"An entry under a quitclaim deed purporting to convey the whole premises, though the grantor owned but a moiety, followed by the exclusive possession of the property, may constitute an ouster of the cotenants of the grantor, and result in a prescriptive title in favor of the possessor.

"If a person enters into the possession of real property under a conveyance purporting to be of the entirety, cotenants of the grantor must regard such possession as adverse to them from the time they have actual notice thereof, or from the time when, as prudent men reasonably attentive to their own business, they ought to have known that the cotenant in possession was asserting an exclusive right to the land."

In Pope v. Matthis, 83 N. C. 169, it was held that:

"An action by one tenant in common for partition is barred by seven years' adverse possession by an alienee of the other tenant in common under deed purporting to convey the whole land."

There seem to be many cases of like import, but those cited are sufficient to show the general rule.

It is not disputed, and indeed cannot be disputed, that if the adverse possession began July 3, 1907, the Arkansas seven years' statute would apply, and that any rights held by the International Land Company or Mary Stanford and their grantors would be effectively barred in seven years, when not asserted within that time. The court having found the issues generally in favor of the defendant and against plaintiffs, the finding was in effect a finding that the plaintiffs were barred by the seven years' statute of limitations. Such finding in favor of the defendant and against the plaintiffs is reasonably supported by the evidence and is authorized by law.

The court found that the deeds taken by Hennesey from the International Land Company and Mary Stanford, and the deed made by Hennesey to G. W. Johnson were champertous and void. The testimony tends strongly to show that from and after the year 1907 the defendant Smith was in the exclusive possession of the land, and accounted to nobody for rents. It seems to be certain from the evidence adduced that neither the International Land Company nor Mary Stanford were ever in possession of any part of the land, nor did they ever at any time receive any rents therefrom, nor did their grantors take rents after 1907. Six years and more had elapsed from the beginning of Smith's adverse possession before the deeds were made by the grantors of Hennesey. Hennesey himself was never in possession and never collected any rents from the land and 13 years had elapsed since any person under whom Hennesey claimed had been in possession of or taken rents on the land before his deed was made to Johnson.

Section 1679, Comp. Stats. 1921, provides:

"Any person who buys or sells or in any manner procures or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise, or covenant made, is guilty of a misdemeanor. Provided, however, that the provisions of this section shall not be construed to be a restriction or limitation upon the sale of Indian lands by the allottees

or the heirs of such allottees of their inherited interest in said lands."

. It is true that the section provides that it shall not be construed to be a limitation or restriction upon the sale of Indian lands by the allottees or their heirs. The land involved was the allotment of Chemona Harjo. Neither the International Land Company, Mary Stanford, A. F. Hennesey, nor G. W. Johnson were heirs of this allottee, nor were they in the line of heirship. No such claim is made by them. The deeds upon which Hennesey and Johnson rely fall within the plain language and intendment of the statute. It has been repeatedly held that deeds made in contravention of this section of our statute are invalid and void. Powers et al. v. Van Dyke et al., 27 Okla. 27, 111 Pac. 939; Martin v. Cox et al., 31 Okla. 543, 122 Pac 511; Johnson v. Myers et al., 32 Okla. 421, 122 Pac. 713; Harjo et al. v. Owensby et al., 66 Okla. 315, 169 Pac. 875; Lackey et al. v. Wagner, 89 Okla. 48, 213 Pac. 742.

In Lackey et al. v. Wagner, supra, the court said:

· "Where the holder of the legal title to real estate, who is out of possession, conveys such title to a third person who is not in possession, in contemplation of law, as between the grantor, grantee and the persons in possession, holding adversely, claiming to be the owner thereof, the title remains in the grantor or original proprietor, and the person in possession has a right to purchase in such title during the pendency of an action commenced against him for possession by this grantor for the benefit of the champertous grantee."

Under the champerty statute and the repeated holdings of this court, the deeds made by International Land Company to A. F. Hennesey, and by Mary Stanford to A. F. Hennesey were utterly void and conveyed no title to Hennesey, even though the grantors might have had some claim or right in the land. It appears from the record that during the pendency of the litigation the defendant took deeds from the International Land Company and from the Stanfords purporting to convey any interest they might have in the land to the defendant. Under the authority of the Lackey v. Wagner Case, supra, this was the correct thing to do.

The finding made by the court that the deeds under which the plaintiffs Hennesey and Johnson claimed were void is amply justified by the record and authorized by law. When the defendant brought into court deeds made to him by the International Land Company and the Stanfords, the parties under whom the plaintiffs claim, there was nothing left for the trial court, upon this record, but to enter judgment for the defendant.

We have examined all the contentions made by the parties. The matters referred to are decisive of this case. The judgment could hardly have been other than for the defendant and be supported by the record.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.