Note.—See under (1) 27 Cyc. pp. 1630, 1631; (2) 34 Cyc p. 193; (3) 27 Cyc p. 1630.

---

**KELLY et al. v. DIERKS et al.**

No. 11453—Opinion Filed April 14, 1925.

Rehearing Denied May 26, 1925.

1. **Ejectment—Termination of Right to Recover Pending Trial—Right to Damages.**

Under section 470, Comp. St. 1921, if it appears that the plaintiff in ejectment had a right to recover at the commencement of the action, but that his right has terminated during its pendency, he cannot recover the possession, but only his damages.

2. **Same—Defenses—Title Divested — Tax Deeds as Evidence.**

When defendants in ejectment did not enter as plaintiff's tenants, they are not debarred from showing that his title had been divested by a stranger to the proceedings, as by a tax sale, and it is error for the trial court to exclude such tax deeds when offered by defendants as evidence of an outstanding title paramount to that of plaintiff.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Herman Dierks and others against T. B. Kelly and others. From judgment for plaintiffs, defendants bring error. Reversed in part and affirmed in part.

Bridges, Vertrees & Anderson, for plaintiffs in error.

Kirkpatrick & Kirkpatrick and Womack, Brown & Cund, for defendants in error.

Opinion by PINKHAM, C. This is an action in ejectment instituted in the district court of Jefferson county, Okla., by the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants.

The parties will be referred to as they appeared in the trial court.

The plaintiff Herman Dierks, in his petition, claimed that he was the owner of an undivided two-thirds interest in certain real estate, and pleaded his chain of title, and that his title be quieted; that a partition be made of said real estate, and that he recover from the defendants rents and profits alleged to be due him by reason of the defendants having used and occupied said real estate.

The defendants filed, as their answer, a general denial, and upon these issues thus joined the cause proceeded to trial before the court.

On the trial of the case the plaintiff Dierks introduced various instruments showing title vested in him to an undivided two-thirds interest in the land in controversy.

Defendants admitted that they were in possession of said land during the years complained of.

Plaintiffs then introduced proof of reasonable rental value of said property during said years.

Defendants offered in evidence a deed from one C. W. Miller and his wife to an undivided one-third interest in the land in question, and two certain tax deeds by the county treasurer to one F. P. Dunkin, covering the land in controversy, dated January 29, 1919.

The cause was continued for further hearing, and on the 11th day of March, 1920, was again called for hearing before the court, at which time the plaintiffs made a motion to strike the said tax deeds theretofore admitted in evidence and for judgment in favor of the plaintiffs. This motion was sustained by the court and judgment rendered for the plaintiffs, adjudging plaintiffs to be the owner of an undivided two-thirds interest in the land in controversy, and the defendant T. B. Kelly to be the owner of an undivided one-third interest in said land, and awarding the plaintiffs the sum of $600 as damages for withholding said premises, and decreeing a partition of said premises.

Defendants filed their motion for a new trial, which was by the court overruled, from which order of the court the defendants prosecute this appeal.

For reversal of this case the defendants rely upon one proposition, and that is that the trial court erred in sustaining the plaintiffs' motion to strike the tax deeds after the same had been introduced in evidence.

It is admitted by the defendants in their brief that the record shows that at the time of the filing of plaintiffs' petition the plaintiffs were entitled to a two-thirds interest in the real estate involved in this action, and entitled to a partition of the same, but that in view of the facts disclosed by the record pending the trial of the action, the plaintiff Herman Dierks, who claims to be the only owner of the said two-thirds interest, lost his interest, right, and title in and to said interest by reason of the title being divested out of him and invested in the said Dunkin, the owner of the two tax deeds.

The proposition turns upon the construction to be given to section 470, Comp. St. 1921, which provides that:

"In an action for the recovery of real property, where the plaintiff shows a right to recover at the time the action was commenced, but it appears that his right has terminated during the pendency of the action, the verdict and judgment must be according to the fact and the plaintiff may recover for withholding the property."

This statute has not been construed, so far as we are able to discover, by any decision of this court, upon a state of facts such as the record discloses in the instant case.

In a number of decisions of this court it has been held that in an action in the nature of an action in ejectment the plaintiff may recover without having all the title, either legal or equitable, or without having a title paramount to all others; that it is only necessary that the plaintiff have some kind of an estate in the property in controversy, either legal or equitable, and that this interest shall be paramount to any right to the same possessed by the defendant, although the legal right to the property may be outstanding in some third person. Blanchard v. Reed, 67 Okla. 137, 168 Pac. 418. 664, and cases cited therein.

These decisions cite with approval Duffey v. Rafferty, 15 Kan. 9, and other cases decided by the Supreme Court of Kansas, holding, in effect, that a plaintiff could recover by merely showing a better title than the defendant.

As we understand these cases they are based upon a state of facts entirely different from the facts disclosed by the record in the instant case.

The Kansas cases cited construe certain statutes of that state which were adopted here after their construction by the Supreme

Court of Kansas, which statutes are identical with sections 467 and 468, Comp. St. 1921.

Section 470, supra, however, is identical with section 256 of the California statute, which statute has, in a number of decisions of the Supreme Court of California, been construed and applied, where the facts were analogous to the facts in the present case.

In the case of Moore v. Tice, 22 Cal. 514, it is said in the syllabus:

"Under our Practice Act, if it appear that the plaintiff in ejectment had a right to recover at the commencement of the suit, but that his right has terminated during its pendency, he cannot recover the possession but only his damages."

In the opinion it is said:

"The principle is well established that the plaintiff, in actions of this kind, when no tenancy exists, must recover on the strength of his own title, and he must show a clear and substantial title to the premises in question, or right of possession to maintain the action. The defendant may confine himself to simply rebutting the evidence of the plaintiff. He need not show that he has any title whatever. It is sufficient if he makes it appear that the plaintiff has no title or interest entitling him to the possession at the time of the trial. He may show this by proving that the title and right of possession is in some third person, except in the case of public lands, in which case this rule is qualified. (Adams on Ejectment, 337-380, and notes; Caryell v. Cain, 16 Cal. 572) * * * And if it appears that the plaintiff had a right to recover at the commencement of the suit, but that his right has terminated during its pendency, he cannot recover the possession though he may recover damages for withholding the property (Practice Act, sec. 256)."

In Masterson et al. v. Cheek et al., 23 Ill. 72, it is said that a legal subsisting title outstanding in another than a defendant in ejectment will defeat the recovery of the plaintiff.

In the case of Lee v. Clary, 38 Mich. 223, it is said in the syllabus:

"Where defendants in ejectment did not enter as plaintiff's tenants, they are not debarred from showing that his title had been divested by a stranger to the proceeding, as by a tax sale."

It appears that the defendants in the case cited sought to defend, first, by showing a tax title to one Jeffers, deeded to him in 1873 for taxes of 1866. The tax title was ruled 'out in the trial court on the ground that it showed title in a stranger to the suit.

In the opinion it is said:

"We do not perceive on what ground this ruling against showing title in a third party was made. * * * There was no more reason why defendants should be debarred from showing divestiture of plaintiff's title by tax sale than by her own deed to a third person. She could not recover without title, and anything showing its absence would defeat her claim. Defendants did not enter as her tenants, and are not estopped from disputing her present rights."

The plaintiffs in the present case instituted their action on the 16th day of August, 1918, and while the cause was pending the said Dunkin obtained and completed the title to the land involved in the action by two tax deeds duly delivered and recorded in the clerk's office of Jefferson county, on the 29th day of January, 1919.

It further appears that the defendants had been in possession of said land for a number of years, and that after the execution of the tax deeds an arrangement was entered into between the tax deed holder and the defendants by which the defendants agreed to surrender possession of the premises to Dunkin at the close of the year 1919.

Section 9750, Comp. St. 1921, among other things, provides, with reference to what a tax deed conveys, as follows:

"And when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title, and interest, in and to said lands. Such deed shall be presumptive evidence in all the courts of the state."

The record discloses that no attempt was made by the plaintiffs to question the validity of the two tax deeds.

In view of these facts and the authorities cited we think the court erred in excluding the two tax deeds from the evidence.

Many decisions of this court have announced the rule that a plaintiff in ejectment is required to recover upon the strength of his own title and not upon the weakness of the defendant's. Starr v. Thompson et al., 80 Okla. 223, 195 Pac. 758, and cases cited therein.

The judgment of the trial court, in awarding damages to the plaintiffs, will be affirmed, but on account of the erroneous view taken by the court with reference to the admissibility of the two tax deeds and plaintiffs' right of possession, we think the case should be reversed, with directions to grant the defendants a new trial.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. p. 1046, § 23. (2) 19 C. J. p. 1076, § 68.