**CONNOR et al. v. THORNBURGH et al.**

No. 17287. Opinion Filed June 5, 1928.

Rehearing Denied Nov. 19, 1929.

H. M. Ledbetter, Neff & Neff, Turner & Turner, and H. B. Parris, for plaintiffs in error.

R. E. Simpson and A. E. Graham, for defendants in error.

HEFNER, J. The land in controversy was allotted to Sandy Gray, a full-blood Creek Indian, who died unmarried, intestate, and without issue on July 16, 1905, and was then residing within the territory now composing Okmulgee county, Okla.

Belle Connor, nee Gray, Jane L. Gray, and H. M. Ledbetter, plaintiffs in error, brought suit against Wright Thornburgh, an incompetent, and Thomas G. Thornburgh, guardian of Wright Thornburgh, hereinafter called defendants, to recover an undivided one-sixth interest in the allotment of Sandy Gray. Wright Thornburgh and those under

whom he claims have been in exclusive possession of the premises involved in this litigation since 1906 and have collected the rents and profits from said land since said time. The trial court entered its judgment against these plaintiffs and in favor of the defendants. As to whether or not these plaintiffs should have recovered depended upon whether or not James L. Gray was a paternal half brother of the allottee, Sandy Gray. The trial court found against the contentions of these plaintiffs and entered judgment against them. After reading the briefs and the evidence, we are of the opinion that the evidence sustains the judgment of the trial court.

The claim of the plaintiff Mary Curry to an interest in the land is based upon a conveyance from Robert Grayson, the husband of Louina Grayson, the daughter of Amy Gray. Louina Grayson was a sister of the allottee, Sandy Gray, and was enrolled as a citizen of the Creek Tribe of Indians. This deed was executed on September 30, 1924. The defendant Thornburgh claims this interest by virtue of a deed from Louina Grayson and her husband, Robert Grayson, dated June 29, 1912. This deed was approved by the judge of the county court of Okmulgee county, Okla., the grantors therein being full-blood Creek Indians.

The evidence discloses that in 1911 Louina Grayson et al. filed a suit, cause No. 806, in the district court of Okfuskee county, against Wright Thornburgh et al., to recover an interest in this land. While this case was pending, Wright Thornburgh took a new deed from the plaintiffs, which deed was duly approved by the county judge having jurisdiction. A jury was impaneled and sworn to try the case, and after the plaintiffs' evidence was introduced, the plaintiffs dismissed the case. Thereafter a motion to reinstate the case was filed, which motion was denied by the court. (See C.-M. 343, et seq.) Wright Thornburgh, defendant in said cause No. 806 and defendant in error herein, did not record for several years the deed that was executed and delivered to him from Louina Grayson during the pendency of that cause. In the meantime Louina Grayson died and a deed was taken from her heirs before Thornburgh recorded his deed. Were the facts in this case sufficient to put the plaintiffs on notice of the unrecorded deed?

The evidence discloses that the defendant Thornburgh and those under whom he claims have been in exclusive possession of the land in controversy for a period of about 18 years, or since the year 1906, and have collected the rents and revenues arising therefrom. This possession and claim of ownership, together with the filing of cause No. 806, supra, and the dismissal thereof and the denial of the motion for reinstatement, and the evidence of Louina Grayson in the deposition on file in said cause wherein she testified that she had executed the deed, is certainly sufficient to put all persons on inquiry of the rights and claims of the defendant Thornburgh in and to the land in controversy. This being true, the plaintiff Mary Curry, relying on the subsequent deed executed by the heirs of Louina Grayson, cannot recover herein.

The plaintiffs Albert McNac, Lulu McNac, and Hattie May Cummings claim an interest in this land through Lena Gray, who was the daughter of Willie Gray, a brother of the allottee, Sandy Gray.

Willie Gray, on April 30, 1906, executed and delivered a general warranty deed purporting to convey an undivided one-half interest in and to the land in controversy to C. D. Rogers, who afterwards conveyed to Wright Thornburgh. Willie Gray, the grantor, was a three-fourths blood Creek Indian. This deed was a valid conveyance of his title. The only interest these last-named plaintiffs can claim would be what they inherited from Amy Gray, the mother of Sandy Gray, the allottee.

On the 10th day of June, 1914, Lena Gray, a freedman, executed and delivered a general warranty deed to the defendant Thornburgh purporting to convey to him the entire fee in the allotment of Sandy Gray. This deed was not recorded. It is contended that this deed did not convey the interest owned by the grantor at the date of the deed, because the deed was not recorded. The law is well settled that a deed is good between the parties without reference to its recordation. There is no question of innocent purchaser involved; the deed did pass the title out of Lena Gray, and on her death the title was not in her, and therefore was not inherited by her heirs, Albert MsNac, Lulu McNac, and Hattie May Cummings.

Lulu McNac and Hattie May Cummings claim that they inherited an undivided one-twelfth interest from Fannie Gray, alleged to be the sister of their mother, Lena Gray, and the daughter of Willie Gray. There is some evidence in the case indicating that Fannie Gray was not a daughter of Willie

Gray, and the general finding of the trial court against the plaintiffs was necessarily a finding against them on this issue. The evidence is sufficient to support the finding of the court, and for that reason its judgment against Lulu McNac and Hattie May Cummings must be affrmed.

The plaintiff Fannie Anna Tommaney, a three-eighths Creek Indian, claims to be the owner of an undivided one-twelfth interest in the land in controversy. She bases her claim upon the fact that she is a daughter of Robert Watson and a granddaughter of Amy Gray, mother of the allottee, Sandy Gray. She claims that on the death of Amy Gray she inherited an undivided one-twelfth interest in the allotment. The trial court in its general verdict against her necessarily found that this relation did not exist and that she failed to establish the relationship claimed by her. Without passing on the question as to whether or not the evidence is sufficient to sustain the judgment of the trial court in this respect, we think she is barred by the 15-year statute of limitation.

In the first place, she contends that the statute of limitation was not properly pleaded nor properly relied upon in the trial of the case, and for that reason no advantage can be taken thereof. This case is a consolidation of two suits filed in the district court involving the title to the same land. The trial court ordered a consolidation "for all purposes" under the authority of section 324, O. O. S. 1921. Wright Thornburgh was a defendant in each of the cases. He had specially pleaded the 15-year statute of limitation in one of the cases, but had not specially pleaded it in the other. The plaintiffs in both cases alleged that Wright Thornburgh was in adverse possession of the premises, and a general denial was filed in both cases by Thornburgh. In 1 R. C. L. 363, among other things, it is said:

"But under a statute authorizing the consolidation of actions it has been held that the consolidation merges all of the actions in one suit."

In his opening statement to the jury, without objection by any one, the attorney for Wright Thornburgh in the consolidated case stated the proof "would show that as to the unrestricted Indians the statute of limitation had run, and when we show that, we expect the title to be quieted in Wright Thornburgh." This clearly shows that the statute of limitation was relied upon in the trial of the case. Evidence was introduced to show the possession of the defendant and

no objection was made thereto on the ground that the statute had not been pleaded. Under these conditions, we think the defendant had a right to prove and rely upon the statute of limitation as a defense.

The plaintiffs urge that they are tenants in common with the defendant Thornburgh and, for that reason, the statute of limitation does not run against them.

Wright Thornburgh, and those under whom he claims, took possession of this land on September 27, 1906, claiming absolute title under various deeds. On April 20, 1906, Willie Gray and wife executed and delivered to C. D. Rogers a warranty deed purporting to convey an undivided one-half interest in and to said homestead and surplus land of the allotment. On September 11, 1906, Rogers delivered to the defendant Wright Thornburgh his warranty deed wherein he purported to convey an undivided one-half interest in the allotment. On October 6, 1906, Rogers executed and delivered to Thornburgh a quitclaim deed purporting to convey the entire homestead and surplus land. On September 27, 1906, Amy Gray executed and delivered a quitclaim deed wherein she purported to convey unto Wright Thornburgh the entire allotment. On July 15, 1907, Louina Grayson executed and delivered a warranty deed purporting to convey to Thornburgh the said land.

Under these deeds the defendant Thornburgh, and those under whom he claims, took exclusive possession of the land and held it openly, adversely, and notoriously and collected all the rents therefrom. The deposition filed in cause No. 806, supra, disclosed that the defendant Thornburgh had never accounted to anyone for any rents whatsoever. The petition in that case was introduced herein as evidence, and in substance alleges that the defendant W. J. Porter, since the 9th day of January, 1909, had wrongfully, illegally, and forcibly occupied, held, and detained the whole of the allotment up to December 20, 1910, and since that date had wrongfully continued to hold the north half of the allotment, and the defendant J. W. Wheeler, since the 20th day of December, 1910, had wrongfully, illegally and forcibly occupied the south half of the allotment under a deed from W. J. Porter. Wright Thornburgh claims title through Wheeler and Porter.

Some of the deeds under which Thornburgh, and those under whom he claims, took possession were valid and others were

invalid; however, they took possession and claimed ownership thereunder.

We think the case of International Land Co. v. Smith, 103 Okla. 101, 229 Pac. 601, correctly states the rule of law as to when the statute of limitation runs against a cotenant. There this court said:

"In order for one tenant in common to acquire title by limitation against another tenant in common, he must do some act towards his cotenant that will amount to a disseisin or denial of the rights of his cotenant, and such as will show an intention to hold adversely to his cotenant, and such act must be totally irreconcilable with a recognition of the rights of his cotenant. ***

"Where a party takes actual possession of an Indian allotment under a properly executed deed purporting to convey all the title, from the heirs of the deceased allottee, who died intestate the owner of the property, and retains the actual, open, notorious, adverse, and exclusive possession of all the land, claiming to own all the title, paying the taxes thereon and making improvements upon the property, and collects and appropriates the rents and profits thereupon, and continues in such possession without interruption for the statutory time, such possession creates in his favor a title by prescription against a prior grantee of any one or more of the heirs of the allottee, and amounts to an ouster of his cotenants, if such cotenancy was ever created by such prior conveyance."

The facts in the instant case bring it within the rule announced in the above case, and the possession of Thornburgh and those under whom he claims was sufficient to start the statute of limitation against the the plaintiffs and those under whom they claim.

The attorney of Fannie Anna Tommaney in his opening statement in this case stated that Amy Gray died in January, 1909. Fannie Anna Tommaney was one of the plaintiffs in cause No. 806, supra, and sued therein for recovery of her interest in this land, and therein it was alleged that Amy Gray died intestate on the 7th day of January, 1909. That petition and the other proceedings in that cause were introduced in evidence in this case. It was alleged in the petition also that J. W. Wheeler and W. J. Porter, under whom Wright Thornburgh claims, were in adverse possession of the land. It is therefore clear that on the death of her ancestor on the 7th day of January, 1909, Fannie Anna Tommaney's cause of action accrued and she could have sued to recover the land on that day. The statute

of limitation commenced to run on that date. The evidence is sufficient to support the adverse possession and the 15-year statute matured some time before this suit was filed.

The judgment of the trial court is, therefore, in all things affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.