## KELLY et al. v. DIERKS et al.

No. 18331. Opinion Filed June 19, 1928.

(Syllabus.)

1. **Tenancy in Common—Course of Conduct by Tenant in Possession Amounting to Ouster of Cotenant.**

Where a tenant in common occupies the common property exclusively for a number of years, collects the rents and refuses to account to his cotenant, repudiates the relation of cotenancy between them, and in an ejectment action brought by said cotenant contests his cotenant's right of title and possession over a long course of litigation, such conduct amounts to an ouster of the cotenant.

2. **Same—Liability to Cotenant for Share of Rental Value of Property During Period of Exclusion.**

Where a tenant in common excludes his cotenant from possession of the common property, collects the rents and refuses to account to his cotenant, he is liable to his cotenant for the cotenant's pro rata share of the reasonable rental value of the property during the period of exclusion.

Commissioners' Opinion, Division No. 2.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by Herman Dierks et al. against T. B. Kelly et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

J. L. Vertrees and Anderson & Anderson, for plaintiffs in error.

H. M. Kirkpatrick, J. S. Kirkpatrick, and Womack, Brown & Cund, for defendants in error.

JEFFREY, C. This is an action in ejectment commenced in August, 1918, by Herman Dierks, as plaintiff, against T. B. Kelly, E. J. Kelly et al., defendants. There were several other parties interested in the original action, but they are not interested in this appeal. Plaintiff, Herman Deirks, alleged in his petition that he was the owner of an undivided two-thirds interest in certain real estate described therein; that defendants own the other one-third interest; pleaded his chain of title; asked that his title be quieted; that a partition be made of said real estate, and that he recover from the defendants rents and profits alleged to be due him by reason of the defendants having exclusively used and occupied said real estate. Defendants, by way of answer, denied generally and specifically each and all of the allegations contained in the petition, and prayed that plaintiff recover nothing. The cause was tried in March, 1920, and judgment rendered in favor of plaintiff, Herman Dierks, for $600, the rental value of the land, canceling certain deeds of record, quieting title in said plaintiff as to his two-thirds interest, and decreeing a partition of the land. From this judgment defendants appealed. This judgment was by the Supreme Court affirmed as to the amount

of the rental value of the land, but reversed and a new trial granted on other questions in order to permit defendants to prove that plaintiff had been divested of his title, if any, by reason of a tax sale, which proof had been excluded in the trial. The opinion on the former appeal is reported in 110 Okla. 153, 236 Pac. 614. In the meantime plaintiff commenced another action in the district court of Jefferson county against the holder of a purported tax deed for the cancellation thereof. Upon the trial of the second action, the outstanding tax deed was canceled, and this judgment became final prior to the new trial in the first action. On November 4, 1926, this action came on for trial for the second time upon the original pleadings, except that plaintiff was permitted to amend his petition to cover rents and profits from the date of the former judgment up to and including the year 1926. Upon the trial of the cause judgment was again rendered in favor of plaintiff for the rental value of said property from the date of the former judgment up to and including 1926, in the sum of $520, quieting plaintiff's title to an undivided two-thirds interest, and decreeing a partition of said lands. From this judgment defendants have again appealed to this court.

For a reversal of the judgment of the trial court defendants rely upon the one proposition: That the court committed error in awarding plaintiff judgment for the reasonable rental value of the land. Plaintiff offered proof of the reasonable rental value of the land, which was admitted in evidence over the objection of the defendants. Defendants contend that plaintiff is entitled to recover only his pro rata part of the rents and profits actually received, less all sums expended for taxes and improvements. In support of defendants' contention counsel rely exclusively upon the case of Airington v. Airington, 79 Okla. 243, 192 Pac. 689, 27 A. L. R. 182. In that case it was held:

"A tenant in common in possession of the common property, who has received more than her just proportion of rents from third persons, but who is not holding the premises adversely or to the exclusion of her cotenants, is not liable to account to them for their proportion of the rental value of said premises, but must account to them for their proportion of the rents actually received from third persons, after deducting the sums expended for taxes and necessary improvements."

It will be noted that the rule there announced excepts one who is holding the premises adversely or to the exclusion of his cotenants. That case clearly recognizes that a cotenant who has been excluded or ousted from possession and from rents and profits is entitled to recover his pro rata share of the reasonable rental value of such premises during the period of ouster. But counsel for defendants assert that there is no evidence to show that the defendants had excluded plaintiff from possession. Generally, a cotenant's sole possession of the land becomes adverse to his fellow tenants by his repudiation or disavowal of the relation of cotenancy between them. International Land Co. v. Smith, 103 Okla. 101, 229 Pac. 601; 1 R. C. L. 62. Defendants' answer denied plaintiff's right of title and possession. Defendants held exclusive possession of the premises from 1914, collecting all the rents and refusing to recognize plaintiff's title or right of possession. It was stipulated in the trial of the cause that defendants had been in exclusive possession and collected the rents during all the time since the date of the first trial. At the trial of the cause, it was still contended by counsel for defendants that plaintiff had no title in and to the lands in question, and from the beginning to the end of this litigation, defendants denied the relation of cotenancy between themselves and plaintiff. Counsel for defendants say that there is nothing in the record to show that plaintiff attempted to obtain possession or to show that defendants had excluded plaintiff. On the former appeal, this court pronounced the action as one in ejectment. During all these years defendants have resisted plaintiff's right of title and right of possession, and we think the record conclusively shows that the action and conduct of defendants toward plaintiff amounted to an ouster and exclusion of plaintiff as their cotenant. Defendants neither pleaded nor attempted to prove that they had received only certain rents, nor that they had made any expenditures for taxes or improvements, but contended that plaintiff was not entitled to recover anything.

It seems to be now reasonably well settled that where one is excluded from possession of common property by a cotenant, and such cotenant collects all rents, and does not account for same, he is liable to the excluded one for that proportion of the fair rental value of the property which the interest of the excluded party bears to the whole interest. Mackey v. Mackey, 99 Kan. 433, 163 Pac. 465; Schuster v. Schuster, 84 Neb. 98, 120 N. W. 948; Markum v. Markum (Tex. Civ. App.) 273 S. W. 296; 38 Cyc. 66.

In view of the foregoing authorities, we are of the opinion that the trial court properly admitted evidence of the reasonable

rental value of the premises in question during the period from 1920 to 1926, and properly rendered judgment for two-thirds of the rental value instead of two-thirds of the actual rents and profits received.

The judgment of the trial court is therefore affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 66; 7 R. C. L. p. 848-850; 2 R. C. L. Supp. p. 466; 5 R. C. L. Supp. p. 425. (2) anno. 28 L. R. A. 829; 29 L. R. A. (N. S.) 224; 27 A. L. R. 226; 7 R. C. L. p. 829; 2 R. C. L. Supp. p. 463; 6 R. C. L. Supp. p. 463