### CHESNUT v. WORLEY et al.

No. 21537.   Opinion Filed April 18, 1933.

Rehearing Denied June 20, 1933.

154

Billingsley & Stanley and Conner & Conner, for plaintiff in error.

Neal E McNeill, for defendant in error H. F. Worley.

ANDREWS, J. This action was commenced by the plaintiff in error against the defendant in error H. F. Worley. On application of defendant, J. B. Billingsley, A. J. Diffie, and Harold G. Chesnut were made additional defendants. The judgment was against the plaintiff and in favor of the defendant H. F. Worley. The plaintiff appealed to this court.

The undisputed facts disclosed by the record are that the plaintiff held the legal title to an undivided three-sixteenths interest in the mineral rights in a tract of land for the benefit of himself and J. B. Billingsley, he owning two-thirds thereof and J. B. Billingsley owning one-third thereof; that on the 25th day of May, 1929, the plaintiff executed two mineral deeds in blank, each for an undivided one-sixteenth interest, and delivered them to J. B. Billingsley to enable J. B. Billingsley to sell the same; that on the 28th day of May, 1929, he executed another mineral deed in blank for a one-sixteenth interest and delivered it to J. B. Billingsley for the purpose of enabling J. B. Billingsley to sell the same; that on the 29th day of May, 1929, J. B. Billingsley sold and delivered the first two deeds and collected the proceeds thereof; that on the 4th day of June, 1929, the defendant A. J. Diffie sold and delivered the third deed to the defendant H. F. Worley, collected the proceeds thereof, took out his broker's commission, and gave J. B. Billingsley a check payable to the plaintiff for the balance; that the plaintiff refused to accept the check from J. B. Billingsley, contending that he had not authorized the sale, and that this action was commenced by him to cancel the deed that had been delivered to H. F. Worley and in which H. F. Worley had inserted his name as the grantee. The action was tried as an equity cause to the trial court.

The plaintiff presents his assignments of error under three contentions. He contends that:

"The court erred in rendering judgment for the defendant H. F. Worley in that the general findings of fact made by the court and the judgment rendered are clearly not sustained by the evidence and are contrary to weight of the evidence, and said judgment is contrary to the law."

Under that assignment the plaintiff in his briefs makes no attack upon the judgment as disclosed by the journal entry of judgment. He attacks what he says were findings of fact made by the trial court prior to the rendition of the judgment. The record discloses no request for findings of fact, and it shows no findings of fact. The statements of the trial court to which the plaintiff objects were statements made by the trial court from the bench prior to the rendition of the judgment.

In Dixon v. Stoetzel, 136 Okla. 302, 276 P. 730, this court held:

"In a civil action, triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding. * * *"

The same rule was followed in Crutchfield v. Griffin, 139 Okla. 35, 280 P. 1075, and Connor v. Thornburgh, 140 Okla. 16, 282 P. 122.

In Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721, this court held:

"Where, at the conclusion of a trial had before the court without a jury, the court orally reviews the evidence, and expresses its opinion upon the law and the facts involved in the case, and where there are no special findings of fact and conclusions of law asked for, and where the findings and judgment of the court are embodied in a journal entry containing a general finding on the issues, the oral opinion expressed by the court performs no office in a case-made,

and cannot be considered by this court on appeal from a judgment of the trial court"
—and said:

"No special findings of fact or conclusions of law were requested, and, therefore, this court will look only to the judgment and will not consider any review or reference to the evidence made by the trial court in announcing its decision."

The plaintiff's second contention is:

"That the court erred in decreeing that the mineral deed herein from plaintiff O. G. Chesnut to defendant H. F. Worley was a valid conveyance."

Under that heading he contends that the deed in question was never delivered to the defendant H. F. Worley with his consent. He contends that he had withdrawn the authority. He contends that Mr. Diffie was not authorized to deliver the deed, and that he told him that he had withdrawn the property from the market. His testimony as to what he told Mr. Diffie was as follows:

"Well, he has an oil lease in which I own half interest and Mr. Billingsley owns a half interest that has been for sale by the well on the Raitman lease and the well drilled in there is complete and I want to get in communication with Mr. Billingsley because I take this lease off the market sometime tomorrow, he may not know it and sell the lease. * * *"

It will be noted that that statement was with reference to an oil lease in which he owned a one-half interest and in which Mr. Billingsley owned a one-half interest. It was not with reference to a conveyance of mineral rights which he owned and in which Mr. Billingsley had no interest. That the deed was delivered to Mr. Billingsley with authority to sell the land and deliver the deed is not questioned. Whether or not the authority of Mr. Billingsley to sell the land was withdrawn, the deed was not withdrawn and the plaintiff permitted Mr. Billingsley to retain it in his possession. The record shows that the deed was delivered by Mr. Diffie to Mr. Worley at the suggestion of Mr. Billingsley. The plaintiff contends that he told Mr. Worley that the property had been withdrawn from sale prior to the purchase thereof by Mr. Worley. In that telephone conversation, he said that he told Mr. Worley that:

"* * * if he wanted to deal with me on that property to be on the very (well) floor the following morning and talk with me about it but it was not for sale if he wanted me to come to Tulsa."

By that statement Mr. Worley was informed that the plaintiff was desirous of selling the property. The plaintiff did not testify that he told Mr. Worley that he had executed a conveyance in blank and delivered it to Mr. Billingsley, and that no one had any authority to deliver that deed. There are many facts and circumstances shown by the record that tend to justify the purchase of the property by Mr. Worley. The deed had been issued. It was presented to Mr. Worley by a real estate broker and delivered to him. There was nothing in the statement that the plaintiff had made to Mr. Worley that would cause a reasonable person to think that the person in possession of that deed did not have the authority to deliver it and collect the consideration therefor .

Under the rule stated in Sanders v. Kirk, 140 Okla. 26, 282 P. 145, two questions were presented for determination by the trial court in this case: First, did Mr. Diffie have authority to deliver the deed; and second, was Mr. Worley an innocent purchaser? There was a conflict in the evidence as to each of those questions.

We call attention to the decision of this court in Wright v. Sconyers, 150 Okla. 3, 300 P. 672, and to the annotations following that decision in 75 A. L. R., commencing at page 1108. In that decision this court said that the purchasers of the property had no notice or knowledge of the conditions under which the deed was signed and acknowledged and delivered to Sconyers. There is nothing in the record in this case to show that Mr. Worley had any notice or knowledge of the conditions under which the deed was signed and acknowledged and delivered to Mr. Billingsley. We are not justified in disturbing the general finding of the trial court or the judgment based thereon.

It is next contended that the trial court erred in overruling the plaintiff's motion for a new trial.

Under that heading the plaintiff contends that there was error in the trial court permitting the introduction of certain instruments evidencing former conveyances of the property. We cannot see where there could be any reversible error therein. Certainly the trial court was not prejudiced thereby. On the other hand, we think that, under the facts shown by the record in this case, those instruments were properly admitted in evidence. One of the issues in this case was whether or not the plaintiff owned any property at the date of the delivery of this deed.

Those instruments were competent on that issue.

We have carefully examined the record in this case. We find that the trial court permitted every witness to tell everything that he knew about the transaction. The cause was fairly submitted to the court, and the judgment of the trial court is not against the clear weight of the evidence.

Finding no reversible error, the judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., and McNEILL, J., not participating.