**TAYLOR v. HALL.**

No. 25633.    Sept. 17, 1935.

Rehearing Denied Dec. 10, 1935.

R. E. Bowling, for plaintiff in error.

Sigler & Jackson, for defendant in error.

PER CURIAM. Willie Hall, the plaintiff, brought suit against Taylor, the defendant, in a justice court for $101 on a debt, but failed to appear, and a judgment was rendered for the defendant; however, a day or two later, the justice vacated this and rendered judgment against the defendant without notice to, and in the absence of, the

defendant. The defendant appealed to the district court and appeared and was ready for trial several times, but the case was always continued. On May 2, 1932, the plaintiff secured an order of dismissal of the appeal because the defendant failed to appear. On July 15, 1933, the defendant filed a petition to vacate this order, and on September 16, 1933, the plaintiff entered her appearance thereto by filing a response. The case on the petition to vacate was tried on October 6, 1933, before Hon. W. G. Long, district judge, who announced, at the conclusion thereof, that he found that no unavoidable casualty or misfortune had been shown, that therefore the defendant was not entitled to the relief sought, and stated: "Judgment for plaintiff as per journal entry." However, thereafter a journal entry was filed, signed by Hon. Tom P. Pace, district judge, wherein the finding was made that the petition to vacate "was filed out of time and for that reason should be denied," and wherein order was rendered denying the petition and rendering judgment for the plaintiff. The attorneys have stipulated that the case-made is correct.

The oral opinion of the trial judge at the conclusion of the trial, where no special findings of fact and conclusions of law have been requested and the findings and judgment of the court are embodied in a journal entry, performs no office in the case-made and cannot be considered on appeal. Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721; Chesnut v. Worley, 164 Okla. 153, 23 P. (2d) 196.

The petition to vacate was filed one year, two months and 14 days after the rendition of the order dismissing the defendant's appeal in the district court. The statute allows two years in which to file the petition. Section 563, O. S. 1931. Hence the lower court was in error and should have caused to be entered in the journal such judgment on the merits of the petition as the evidence supported.

Judgment reversed and case remanded for new trial on the petition to vacate.

The Supreme Court acknowledges the aid of Attorneys Byrne A. Bowman, Mont Powell, and R. R. Bell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bowman and approved by Mr. Powell and Mr. Bell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.