Hillsborough,
No. 4650.

ARTHUR V. BOLDUC *v.* JOSEPH F. RICHARDS.

Argued May 7, 1958.

Decided May 29, 1958.

*McLane, Carleton, Graf, Greene & Brown* and *Lawrence E. Spellman (Mr. Spellman* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the defendant.

BLANDIN, J. The issue before us is whether a suit for personal injuries arising from a motor vehicle accident in New Hampshire must be brought within six years after the right of action accrued regardless of whether the defendant was absent from the state during most of that period. The question is one of statutory interpretation and it is too elementary to require citation that this resolves itself into one of legislative intent. The pertinent statute of limitations in substantially its present form was first enacted in R. S., *c.* 181, *ss.* 3, 4, 9. The applicable sections now read: "Actions of trespass to the person, actions for malpractice, and actions for

defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." RSA 508:4. "If the defendant in a personal action was absent from and residing out of the state at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for bringing the action." RSA 508:9.

The statute relating to obtaining jurisdiction by service on the Motor Vehicle Commissioner, in force at the time this action arose, was originally passed in 1925 (Laws 1925, c. 106, s. 1) and was similar in all material respects to the present law, RSA 264:1, which provides in substance that any person who operates a motor vehicle on the ways of this state shall be deemed to have appointed the Commissioner his attorney upon whom process may be served in any action against him growing out of any accident in which he may be involved here. Section 1 then goes on to say: "Any process against such person so served shall be of the same legal force and validity as if served on him personally; provided, however, that this section shall not apply to a resident unless after an accident he shall have removed from the state." RSA 264:2 provides for the formalities of the service on the Commissioner and for notice thereof and a copy of the writ to be sent by registered mail to the defendant and for filing the defendant's return receipt. It further says that if notice and a copy of the writ are not delivered to the defendant "the superior court may order such additional notice, if any, as justice may require." The constitutionality of these provisions was upheld in the case of *Poti* v. *Company*, 83 N. H. 232. See also, *Hatch* v. *Hooper*, 101 N. H. 214.

One reason for the passage of this statute was obviously to protect New Hampshire plaintiffs who might otherwise have great difficulty in obtaining satisfaction of their claims for damages arising out of accidents in this state due to the problem of obtaining jurisdiction over a nonresident defendant. Another important consideration favoring such a law is the abiding interest which exists in expediting the disposition of litigation. The statute, in short, provides a sure, inexpensive and expeditious means of bringing parties into court with all the advantages which this entails.

In determining the legislative intent as to the effect of the applicability of RSA ch. 264 to the present case, it is important to consider why the Legislature thought it advisable to exclude

the time when the defendant was absent from the state in computing the time limit for bringing suits as provided by our statute of limitations. RSA 508:9. The early case of *Gilman v. Cutts*, 23 N. H. 376 (1851), makes the purpose clear. There the court in construing a similar statute, R. S., c. 181, s. 9, said: "The conclusion, then, to which the court [has] arrived, is that any and every absence, whether temporary or otherwise, which is such that the creditor cannot, during the same, make a legal service upon the debtor, must be reckoned; that the intention of the legislature was, that all such absences should be considered . . . . " *Id.*, 385. To the same effect is *Quarles v. Bickford*, 64 N. H. 425 (1887), where the court reiterates this principle and says that "In order to prevent the running of the statute of limitations, the debtor's absence from the state must be such that process cannot be so served upon him that the judgment obtained in the suit will bind him personally." *Id.*, 426. The plaintiff concedes that jurisdiction over a resident, who after an accident moves from this state, may be obtained by service upon the Motor Vehicle Commissioner under RSA ch. 264 but claims that this is an alternative method of acquiring jurisdiction and does not operate as a *pro tanto* repeal of RSA 508:9, tolling the statute of limitations during a person's absence from the state. We are unable to accept this view. It appears the weight of authority and better reason supports the opposite conclusion. *Clarence Reed, Adm'r v. Rosenfield*, 115 Vt. 76; anno. 17 A. L. R. (2d) 502, 516, and authorities cited; 34 Am. Jur., Limitation of Actions, s. 221, p. 178.

There are compelling considerations of policy favoring the majority rule since to hold otherwise would allow suits to be postponed indefinitely. In automobile cases which depend to a great degree on eye witnesses and their memories, the evil results of delay are obvious. *Clarence Reed, Adm'r v. Rosenfield, supra*, 79, 80. We should not ascribe to our Legislature an intent which would lead to such unfortunate consequences. *Glover v. Baker*, 76 N. H. 393, 413; *In re Moore*, 99 N. H. 209, 211. Had the Legislature desired to change existing law so as to afford the plaintiff the latitude of permitting him to allow his case to drag on indefinitely at his option, even though he could get valid service upon the defendant, so long as the latter remained out of the state, it presumably would have said so. We are aware of the policy of the law urged by the plaintiff here in favor of forcing defendants to seek out and settle plaintiff's claims, but we believe the considera-

tions in favor of this policy are outweighed by the desirability of insuring prompt disposition of law suits while the witnesses are available and their memories reasonably fresh.

Minority decisions in other states cited by the plaintiff depending on statutes and policies which differ from our own (see anno. 17 A. L. R. (2d) 502, 517) are not controlling here and it follows the order is

*Judgment for the defendant.*

All concurred.