[No. 37049. Department Two. September 10, 1964.]

ROBERT L. SMITH, *Respondent*, v. FORTY MILLION, INC., *et al.*, *Respondents*, JACK STERN *et al.*, *Petitioners.**

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for petitioners.

*Lenihan & Ivers* and *James F. McAteer,* for respondent.

*Reported in 395 P. (2d) 201.

HILL, J.—QUAERE: In an action for damages arising out of an automobile collision on a highway in this state is the statute of limitations tolled by the absence from the state of a nonresident defendant, as provided in RCW 4.16.180,[1] when the plaintiff has available to him at all times the right to proceed under RCW 46.64.040,[2] which makes the Secretary of State the agent of such nonresident for the purpose of service of summons?

[1]"Statute tolled by absence from state, concealment, etc. If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action." RCW 4.16.180.

[2]"The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his operation of a vehicle thereon, or the operation thereon of his vehicle with his consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his true and lawful attorney upon whom may be served all lawful summons and processes against him growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his vehicle is being operated thereon with his consent, express or implied, and such operation and acceptance shall be a signification of his agreement that any summons of process against him which is so served shall be of the same legal force and validity as if served on him personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney. . . ." RCW 46.64.040.

Summarizing the other provisions of the statute, we find that service of summons or process on the Secretary of State shall be a valid personal service, provided the plaintiff sends notice of such service and a copy of the summons or process by registered mail, requiring personal delivery, to the defendant; and the defendant's return receipt, or an endorsement by the proper postal authority showing the delivery was refused by the defendant are made a part of the record. Personal service may be substituted for such mailing.

ANSWER:    No.

REASON FOR THE ANSWER:    The great majority of the courts which have considered this question have arrived at this answer. The reason usually given for the majority view is well stated by a Delaware Superior Court,[3] which said:

"  .  .  .  However, the statute tolling the period of limitations as to those outside the State must be deemed to be limited by its clear and specific purpose so as to apply only to those who are outside the State and who are not otherwise subject to service of process in the State. The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the State for purposes of service of process and the same fiction causes the period of limitations to run."

This holding was affirmed by the Delaware Supreme Court in *Hurwitch v. Adams* (1959), 52 Del. 247, 155 A. (2d) 591. The Nevada Supreme Court used the same quotation in its opinion in *Cal-Farm Ins. Co. v. Oliver* (1962), 78 Nev. 479, 375 P. (2d) 857.

The Supreme Court of Oregon in *Whittington v. Davis* (1960), 221 Ore. 209, 212, 350 P. (2d) 913, makes a somewhat similar statement and also disposes of the argument which seemed to be persuasive to the trial court in the present case relative to the implied amendment or repeal of the tolling statute:

"ORS 12.150 provides that the statutes of limitation are tolled when the defendant is a nonresident or secreted within the state. Plaintiff contends that if we adopt the view that the availability of a statutory agent for service upon a motorist avoids the tolling of the limitation statute we will impliedly amend ORS 12.150. Plaintiff says we would thereby amend the tolling statute to add a limitation, not otherwise expressed, that it does not apply when a motorist is a defendant. Some of the cases relied on by plaintiff, previously cited, do so hold. We cannot agree with this theory. The effect of our holding is merely to say that a motorist using the highways of Oregon, within ORS 15.190, makes himself available for the service of summons upon him by the designation of a lawful agent for that purpose.

---

[3]*Hurwitch v. Adams* (1959), 52 Del. 13, 151 A. (2d) 286.

The availability of the right to compel the attendance of the defendant or to obtain and enforce a valid judgment against him is all that a plaintiff is entitled to. When such a right is present there is no cause to apply the tolling statute at all.

"...

"There is also a matter of policy involved in this case. If we would accede to plaintiff's argument it would mean that a plaintiff could indefinitely postpone the filing of an action against a nonresident motorist. He could await a propitious time when witnesses or parties were unavailable and thereby effectively deprive a defendant of any defense the defendant may have. The plaintiff's theory could well lead to the equivalent of fraud."

Concededly, there is a division of authority on this question. See 94 A.L.R. 485, 119 A.L.R. 859, 17 A.L.R. (2d) 502, and the A.L.R. supplements thereto.

■ We prefer the reasoning of those cases adhering to the majority rule, and holding that where a plaintiff has a statutory right to serve summons on the Secretary of State, as the statutory agent of the defendant, the fact that the defendant is physically absent from the state does not toll the statute of limitations.

The plaintiff makes the further contention that RCW 4.16.180 (the tolling statute) operates to toll the statute of limitations unless all elements of service of process are accomplished within the state of Washington. He points out that the proviso in RCW 46.64.040 which requires that after service on the Secretary of State, notice of that service and a copy of the summons or process be sent by registered mail to the defendant with personal delivery required; and that the defendant's return receipt, or an endorsement by the proper postal authority showing that delivery was refused, must be made a part of the record. He urges that this requirement of notice to the defendant cannot be accomplished in the state of Washington and that, therefore, nonresidence should continue to toll the statute of limitations.

The answer to this contention is that the plaintiff confuses service, which is upon the plaintiff's agent—the Sec-

retary of State—with the necessity of notice of that service, actual or constructive, to the defendant.

Some provision for notice to the defendant, in addition to the service on the Secretary of State or other state official, in statutes such as RCW 46.64.040 is essential to due process. *Wuchter v. Pizzutti* (1928), 276 U. S. 13, 72 L. Ed. 446, 48 S. Ct. 259, 57 A.L.R. 1230; *Hess v. Pawloski* (1927), 274 U. S. 352, 71 L. Ed. 1091, 47 S. Ct. 632.

In the *Wuchter* case, a New Jersey statute, which had no provision for notice to the nonresident motorist after service of summons on the Secretary of State, was held to be lacking in due process. In the *Hess* case, a Massachusetts statute, which had a provision for notice to the nonresident motorist very similar to our own after a service of process on the Registrar of Motor Vehicles, was held to provide due process. These cases emphasize that process must be served on a nonresident defendant, or his agent for the acceptance of service within a state, to give the courts jurisdiction; and where the service is on a statutory agent, there must be some provision for notice to the nonresident defendant to constitute due process.

As was said in *Bond v. Golden* (C. A. 10th 1959), 273 F. (2d) 265, 268:

" . . . Service by substitution upon a fictional agent—here, the Secretary of State—cannot meet the demands of due process unless such service is complemented by notice to the defendant of the service. . . ."

Speaking of a California statute that likewise contemplated a return receipt from the registered letter mailed to the defendant, the Nevada Supreme Court said:

" . . . In the class of cases with which we are now dealing, and under the statutes referred to, the process does not run into the other state, but finds the defendant within the state of the action and there makes service upon him through the agent appointed by his act,—accompanied by due notice to the defendant himself. . . ." *Kroll v. Nevada Ind. Corp.* (1948), 65 Nev. 174, 183, 191 P. (2d) 889.

To show how conclusive the array of authority is against the plaintiff's contention—that if notice is required to a

defendant outside the state the statute of limitations is tolled—we have listed in an addendum some 17 jurisdictions which require, after service on the designated officer within the state, that notice of such service be given to the nonresident defendant (and in most cases proof of actual notice is required); but, nevertheless, hold that because service could be made at all times on a designated officer in the state, the statute of limitations is not tolled by the absence from the state of the defendant.

We are not here concerned with a situation where the plaintiff does serve the Secretary of State within the period of the statute of limitations, but is unable to give the notice of that service to the defendant as required by RCW 46-.64.040. There can be no excuse for a failure to serve the Secretary of State within the period of the applicable statute of limitations.

DISPOSITION OF THE PRESENT CASE: The action arises out of a 3-car collision on a public highway of this state, December 24, 1958. No service was made on the Secretary of State under the provisions of RCW 46.64.040 until November 28, 1962. The copy of the summons and complaint, mailed to the nonresident defendants, was received December 3, 1962. The nonresident defendants answered, denying negligence and interposing an affirmative defense of the statute of limitations.

Concededly, the 3-year statute of limitations (RCW 4.16-.080(2)) is applicable, unless tolled by the nonresidents' absence from the state.

The nonresident defendants moved for judgment on the pleadings, it appearing from the pleadings that there had been no service on the Secretary of State and no notice to them until almost 4 years after the cause of action arose.

The plaintiff moved to strike the affirmative defense of the statute of limitations, taking the position that the nonresidents' absence from the state had tolled the statute of limitations.

The trial judge, being of the opinion that the issue was whether there was an implied partial repeal of RCW 4.16-.180 (re tolling the statute of limitations) by RCW 46.64.040

(re service on the Secretary of State), held that there was no such amendment or repeal; denied the motion for judgment on the pleadings, and granted the motion to strike the affirmative defense.

These rulings are now before us for review on a writ of certiorari.

From what has heretofore been said, it follows that the trial court erred; and the cause is remanded with instructions to deny the plaintiff's motion to strike the affirmative defense and to enter an order granting the defendants' motion for judgment on the pleadings.

OTT, C. J., WEAVER and HAMILTON, JJ., and EDGERTON, J. Pro Tem., concur.