CHAVEZ, C. J., and MOISE, J., concur.

427 P.2d 40

George **CHAVEZ, Gilbert Sanchez, Gabriel Bustos and Max A. Valdez, Petitioners,**

**v.**

**The Honorable Joe ANGEL, Judge of the Fourth Judicial District, Respondent.**

**No. 8355.**

Supreme Court of New Mexico.

April 24, 1967.

George A. Graham, Jr., Santa Fe, for petitioners, Gilbert Sanchez and Max A. Valdez.

Leon Karelitz, Las Vegas, for petitioner, Gabriel Bustos.

Roberto L. Armijo, Las Vegas, for petitioner, George Chavez.

Leslie D. Ringer, Santa Fe, for respondent and real parties in interest.

## OPINION

CARMODY, Justice.

This is an original proceeding, seeking to require the district judge of the Fourth Judicial District to dismiss a case pending before him under the provisions of Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A.1953).

Suit was originally filed on December 8, 1964, and the defendants filed a motion to dismiss under Rule 41(e), supra, on December 9, 1966. This motion has been overruled by the trial court.

Although the district court file contains many pleadings, the only matters material in this proceeding are that, subsequent to the filing of the complaint, motions to dismiss were filed, which were sustained by the court. In the order sustaining the motions, the court allowed the plaintiffs twenty-five days in which to file an amended complaint. Within time and on April 24, 1965, an amended complaint was filed, which apparently cured the deficiency in the original complaint. Thereafter the various parties answered the amended complaint and depositions and interrogatories were taken.

The court file itself does not disclose that the case was set for trial prior to the filing of the motion to dismiss by the defendants. However, we do not believe the two-year period had expired, and defendants' motion was premature. In Vigil v. Johnson, 1956, 60 N.M. 273, 291 P.2d 312, we declined to apply Rule 41(e), supra, where less than two years had elapsed from the time of filing a response to a motion to make more definite and certain. We said that it was beyond the control of the plaintiff to bring the case to a close until after the response was filed; thus the two-year period of limitation did not commence un-

til the complaint was made ·definite so that defendants could answer the same. This is comparable to the instant case, and we hold that under the circumstances here present the two-year period of limitations did not commence to run until the date of the filing of the amended complaint.

Respondent raises other matters which, it is claimed, would require the quashing of the writ, but we do not consider them, as what we have said above disposes of the case.

The writ of mandamus heretofore issued will be discharged as improvidently issued and the cause dismissed. It is so ordered.

CHAVEZ, NOBLE, MOISE and COMPTON, JJ., concur.