429 P.2d 648

Karl BENALLY, Administrator of the Estate of Nita Benally, Deceased, and Calvin Earl Benally, Deceased, Samuel Frank Sandoval, Karl Benally, individually, and Motors Insurance Corporation, a corporation, Plaintiffs-Appellants,

v.

Joe PIGMAN and Henry Rudder, Jr., Defendants-Appellees.

No. 8034.

Supreme Court of New Mexico.

June 26, 1967.

Rehearing Denied July 27, 1967.

Cooney & Briones, Farmington, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

The trial court, by separate orders as to each of the two defendants, dismissed plaintiffs' complaint with prejudice and this appeal followed.

The complaint consisted of some five causes of action arising out of a motor vehicle accident, the defendant, Henry Rudder, Jr., having been the owner of a truck involved and defendant Joe Pigman, the driver.

The following dates are material:

Aug. 9, 1956—Occurrence of the accident;
Nov. 3, 1958—Complaint in Cause No. 7088;
June 30, 1959—Effective date of "long-arm" statute, § 21–3–16, N.M.S.A. 1953;
Feb. 15, 1961—Order dismissing Cause No. 7088;
March 23, 1961—Complaint in Cause No. 9368;
Apr. 15, 1963—Order dismissing Cause No. 9368;
April 29, 1963—Order vacating dismissal of Cause No. 9368;
May 14, 1964—Service on Pigman in Arizona;
May 21, 1964—Service on Rudder in Nevada;
July 17, 1964—Rudder motion to dismiss;
Jan. 11, 1965—Rudder dismissal order;
Jan. 22, 1965—Pigman motion to dismiss;
May 24, 1965—Pigman dismissal order;
June 21, 1965—Notice and Order Allowing Appeal.

The dismissal of Cause No. 7088 was on the court's own motion for failure to prosecute. Cause No. 9368 was filed as a claimed continuation of the earlier case under the statute granting such right (§ 23–1–14, N.M.S.A.1953). The basic ground of plaintiffs' claim of error is that during practically the entire period from the filing of the original complaint in Cause No. 7088 until the final orders of dismissal in Cause No. 9368, both defendants were outside the State of New Mexico, their whereabouts being unknown to the plaintiffs, and that therefore no service could be obtained. Plaintiffs urge that in this situation, the requirement that plaintiffs take action to bring the suit to a final determination under Rule 41(e) (§ 21–1–1 (41) (e), N.M.S.A.1953) does not apply, and that the Statute of Limitations was tolled.

Although the cases against the two defendants are inextricably intertwined, and were so argued by the parties, we feel that it is necessary to review the actions taken by the trial court as to each defendant separately. Before doing so, however, it is necessary to dispose of certain issues common to both defendants. The first of these is the plaintiffs' assertion that § 23–1–9, N.M.S.A.1963, which tolls the Statute of Limitations when the defendant is absent from the state, also tolls the operation of our Rule 41(e), supra, and precludes the trial court from dismissing the case as to either defendant. It is also asserted that § 23–1–9, supra, precludes the trial court's exercise of its inherent power to dismiss a stale action for failure of prosecution.

For purposes of dealing with this point, we consider as a fact that both defendants were outside of the State of New Mexico during most of the period involved, particularly after the filing of. the complaint in Cause No. 9368 in March 1961. The trial court concluded as to both defendants that the tolling statute (§ 23–1–9, supra) did not apply under these circumstances, and that even if it did, it was repealed by implication with passage of the so-called "long-arm" statute (§ 21–3–16, supra).

We do not reach the question whether the tolling statute was repealed by. implication because the primary basis of the court's ruling, that the tolling statute was not applicable under these circumstances, was correct. The majority rule and better-

reasoned cases on this subject hold that the tolling statute should not be applied if a defendant could be served with process, either actual or substituted, in which event a defendant's absence from the state does not toll the running of the Statute of Limitations. Friday v. Newman (Fla.App.1966), 183 So.2d 25. See also Kanuebbe v. McCuistion, 1934, 168 Okl. 165, 33 P.2d 1088; Reed v. Rosenfield, 1947, 115 Vt. 76, 51 A.2d 189 and cases cited therein; Bolduc v. Richards, 1958, 101 N.H. 303, 142 A.2d 156; see also Annotations, 94 A.L.R. 485, 119 A.L.R. 331.

 It is obvious that the purpose of the tolling statute was to prevent injustice by stopping the operation of the Statute of Limitations where there could be no service of process. Where there may be service, however, as under the "long-arm" statute, the tolling statute simply does not apply.

 It is impliedly urged that the service of process against the defendants in May of 1964 stopped the operation of Rule 41(e), supra, and that there could be no dismissal under that rule until two years elapsed from the service of process. We must determine, therefore, when the provisions of Rule 41 (e) commence to run, and also whether service of process is a sufficient action on the part of the plaintiff to satisfy the rule. Our cases are uniform and plainly have considered that the date of filing the complaint is the date upon which the two-year period of the rule commences to run. Ballard v. Markey, 1964, 73 N.M. 437, 389 P.2d 205, is but one of the many cases on the subject. The only exceptions we have found are Vigil v. Johnson, 1955, 60 N.M. 273, 291 P.2d 312; and Chavez v. Angel, 77 N.M. 687, 427 P.2d 40 filed April 24, 1967, which are to the effect that the statute commenced to run on the date of the filing of an amended complaint.

 Although we have never specifically ruled on the question, it is certainly to be implied from our decisions that service of process is not the kind of action which would be sufficient to toll the running of the mandatory dismissal rule. Service upon a defendant is merely one step in the process of litigation and does not constitute the required diligence to bring a case to its final determination. This is made plain when we consider that we have held that particular actions do not toll the running of the time for dismissal, such as the taking of depositions (Morris v. Fitzgerald, 1963, 73 N.M. 56, 385 P.2d 574), filing of request for admissions of fact (Sender v. Montoya, 1963, 73 N.M. 287, 387 P.2d 860), or the mere filing of a notice of hearing (Schall v. Burks, 1964, 74 N.M. 583, 396 P.2d 192). Also in this connection, although not directly related, we observe that the dismissal and reinstatement of Cause No. 9368 has no effect upon the questions before us. After the dismissal was vacated the status of the case was as though "no decree had been entered." Arias v. Springer, 1938, 42 N.M. 350, 78 P.2d 153. Additionally, in reviewing dismissals, even after reinstatement, a reviewing court looks to the whole course of litigation, not just that portion after the reinstatement. See Pearson v. Dennison (9th Cir. 1965), 353 F.2d 24; Slavitt v. Meader (1960), 107 U.S. App.D.C. 396, 278 F.2d 276.

We now consider the dismissal of the case against the defendant Rudder. As to this defendant, the court made complete findings of fact and conclusions of law. Without detailing all these findings, it is quite apparent that the trial court felt that plaintiffs were negligent in failing to obtain service upon Rudder. The court concluded that the complaint should be dismissed under Rule 41 (e), supra; that even if such action were not mandatory, the court exercised its inherent discretion to dismiss a stale claim for failure of prosecution; that Rudder had been continuously amenable to service of process, particularly since June 30, 1959, by reason of the "long-arm" statute, supra; and that the plaintiffs' complaint was barred by the Statute of Limitations. Significantly, insofar as the conclusion regarding the Statute of Limitations is concerned, the court also determined that the plaintiffs were negligent

in the prosecution of Cause No. 7088, and that therefore Cause No. 9368 was not a continuation of said cause under the provisions of § 23–1–14, supra.

■ Plaintiffs' attack on the court's order dismissing the case against Rudder is without merit. We need not determine whether the dismissal under Rule 41 (e), supra, was proper because the court dismissed the cause in the exercise of its general superintending control and we do not believe there was any abuse of discretion. Emmco Ins. Co. v. Walker, 1953, 57 N.M. 525, 260 P.2d 712; Pettina v. Rogers, 1958, 63 N.M. 457, 321 P.2d 638. The finding of the trial court that the plaintiffs were negligent in the prosecution of Cause No. 7088, which has substantial support, effectively disposes of their various causes of action against Rudder. There having been negligence in the prosecution of the first case, the second complaint (Cause No. 9368) was not a continuation of the first (Cause No. 7088) and § 23–1–14, supra, required the conclusion that the Statute of Limitations had run before the filing of Cause No. 9368. As discussed above, because of the existence of the "long-arm" statute, there was no tolling of the Statute of Limitations.

As to those matters affecting only the dismissal of the case against the defendant Pigman, we note that the trial court, after making findings of fact, concluded, among other things, that the cause should be dismissed under Rule 41 (e), supra, and that Pigman was subject to service at least since June 30, 1959, by reason of the provisions of the "long-arm" statute, supra.

■ In considering the claimed error as to the Pigman dismissal, it is noted that it is not based upon the discretionary power of the court to dismiss stale claims, nor was there any finding or conclusion that the dismissal of Cause No. 7088 was by reason of the negligence of plaintiffs in prosecuting that cause. It is therefore plain that Cause No. 9368, having been filed within six months after the dismissal of Cause No. 7088, was a continuation thereof and not barred by the Statute of Limitations. Harris v. Singh, 1933, 38 N.M. 47, 28 P.2d 1. This, however, is not the real question. The real question is whether the plaintiffs' ability to make service of process upon the defendant under the "long-arm" statute, § 21–3–16, supra, should be considered by the court in disposing of a motion to dismiss under Rule 41 (e). Our constitution, art. IV. § 34, prohibits changes in rules of evidence or procedure in any pending case. The question is narrowed to whether Cause No. 9368 is a continuation of Cause No. 7088 for all purposes under § 23–1–14, supra, or, on the contrary, is it only a new case which, by reason of § 23–1–14, supra, can be initiated even though the Statute of Limitations has run; i.e., is Cause No. 9368 a continuation of Cause No. 7088 for all purposes, or only for purposes of lowering the bar of the Statute of Limitations. In City of Roswell v. Holmes, 1939, 44 N.M. 1, 96 P.2d 701, it was said that this section gave the " 'right' to file a *new suit* within six months after the plaintiff has failed in a suit formerly commenced * * *." (Emphasis added.) The above statute states:

"If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a *new suit* be commenced within six months thereafter, the second suit shall, *for the purposes herein contemplated,* be deemed a continuation of the first." (Emphasis added.)

This particular section was initially passed in 1880 as a part of ch. 5 of the session laws of that year, and the entire chapter was solely devoted to matters affecting the limitation of actions. In City of Roswell v. Holmes, supra, we said, "The 'exception' in * * * [§ 23–1–14] goes to the status of a new suit as a continuation of the first and not to the right to file a new suit within the period of the statute of limitations." There can be *no* question but that the words

**194**

"for the purposes herein contemplated" referred only to the subject matter of the particular act. See Gatliff Coal Co. v. Cox (6th Cir. 1944), 142 F.2d 876. See also Cox v. City of Albuquerque, 1949, 53 N.M. 334, 207 P.2d 1017.

It is our opinion that Cause No. 9368 was a new case and having been filed in March of 1961, the provisions of the "long-arm" statute (§ 21-3-16, N.M.S.A. 1953, supra) were available so that out-of-state service could have been made. We held in Gray v. Armijo, 1962, 70 N.M. 245, 372 P.2d 821, that § 21-3-16, supra, was effective retroactively. See also Melfi v. Goodman, 1962, 69 N.M. 488, 368 P.2d 582; and Clews v. Stiles (10th Cir. 1960), 303 F.2d 290. Thus Cause No. 9368 having been filed almost two years after the effective date of the statute, it is obvious that art. IV, § 34, supra, has no application, there being no change of procedure after the case was filed.

In Yarbro v. Koury, 1963, 72 N.M. 295, 383 P.2d 258, we affirmed the action of the trial court in refusing to apply 41 (e), supra, where the defendant had been absent from the state for a period and unavailable for service. This holding was in reliance on the exception stated in Ringle Development Corporation v. Chavez, 1947, 51 N.M. 156, 180 P.2d 790, that 41 (e) was tolled where there was inability to serve the defendant because of absence from the state. However, in Yarbro, there was no claim that § 21-3-16, supra, should apply. The court did state that even though it was expressing no opinion upon the question, possibly the reason for the exception (as expressed in Ringle) was no longer present.

We hold that the forecast in Yarbro was accurate and the exception stated in Ringle is no longer applicable in cases in which the trial court is of the opinion that service could have been made. Here there was no abuse of discretion by the trial court in its implied conclusion that service could have been made upon defendant Pigman long prior to the expiration of the two-year

period from the filing of the complaint in Cause No. 9368.

The action of the trial court is affirmed. It is so ordered.

COMPTON, J., and SPIESS, J., Ct. App., concur.