[No. 39485.    Department Two.    April 24, 1969.]

ROBERT SUMMERRISE et al., Appellants, v. LORENZO L. STEPHENS, Respondent.*

*Schroeter, Jackson, Talbot & Smith, Chas H. W. Talbot,* and *Leonard W. Schroeter,* for appellants.

*Williams, Lanza, Kastner & Gibbs* and *Joseph J. Lanza,* for respondent.

*Reported in 454 P.2d 224.

HILL, J.—QUAERE: Is an action for damages for a tort[1] committed in this state by a then resident of this state, who subsequently became a resident of another state, tolled by his absence from the state as provided in RCW 4.16.180[2] during a period when the plaintiff was aware of the claimed tort-feasor's place of residence and had available to him the right to proceed under RCW 4.28.185[3], the long-arm statute?

ANSWER: No.

In reaching our answer, we have been influenced by decisions of other appellate courts which have answered the question in the same way and by our own analysis of legislative intent and purpose involved in the interaction of three separate statutes: the statute of limitations (RCW 4.16.080), the tolling statute (RCW 4.16.180), and the long-arm statute (RCW 4.28.180 and 4.28.185).

---

[1] The applicable statute of limitations is conceded to be 3 years, RCW 4.16.080.

[2] "Statute tolled by absence from state, concealment, etc. If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action." RCW 4.16.180.

[3] "Personal service out of state—Acts submitting person to jurisdiction of courts—Saving. (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state;

"(b) The commission of a tortious act within this state;

"(c) The ownership, use, or possession of any property whether real or personal situated in this state;

"(d) Contracting to insure any person, property or risk located within this state at the time of contracting.

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as

The facts, briefly stated, are that the plaintiff, a Washington resident, has a cause of action against the doctor defendant for claimed malpractice occurring in this state during February 1955. The doctor moved to California in September 1955 and has at all times since been a resident of that state. His place of residence in California has at all times been known to the plaintiff.

The plaintiff started the present action on September 17, 1965, and secured personal service on the defendant at his residence in California.

This was under the long-arm statute, RCW 4.28.180 - .185, which makes it possible to secure personal service outside the state in certain classes of cases, including "[t]he commission of a tortious act within this state."

The defendant interposed the plea that the action was barred by the statute of limitations pointing out that the plaintiff could have maintained this action against him at any time since the effective date of the long-arm statute, June 11, 1959.

The trial court held that the statute of limitations barred the action, and dismissed it. The plaintiff appeals.

The plaintiff-appellant urges that the defendant-respondent has been out of the state and a resident of California since September 1955, and that the statute of limitations has therefore been tolled by the defendant's absence from

provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

"(4) Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

"(5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

"(6) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law." RCW 4.28.185

the state, as provided by RCW 4.16.180 (see footnote 2 for text).

█ In our analysis, we start with a statute of limitations designed and intended to force cases to trial while witnesses are still available and memories are still clear. If it were the only statute applicable, the present action would have been barred by the 3-year statute of limitations (RCW 4.16.080) a decade ago.

In determining the legislative intent as to the effect of the applicability of the tolling statute (RCW 4.16.180), it is important to consider why the legislature thought it advisable to exclude the time when a defendant was absent from the state in computing the time limit for commencing actions as provided by our statute of limitations. The rationale of the tolling statute is that every absence from the state (or a period of hiding or concealment within the state) which prevents a plaintiff from making a service upon a defendant—that would give our courts an in personam jurisdiction—should be excluded in computing the time within which a plaintiff must commence his action.

To stop the running of the statute of limitations, a defendant's absence from the state (or concealment within it) must be such that process cannot be served upon him which would make possible a personal judgment against him.

One of the best statements we have found as to the intent of the tolling statutes is in *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958), where it is said:

In determining the legislative intent as to the effect of the applicability of RSA ch. 264 to the present case, it is important to consider why the Legislature thought it advisable to exclude the time when the defendant was absent from the state in computing the time limit for bringing suits as provided by our statute of limitations. RSA 508:9. The early case of *Gilman v. Cutts,* 23 N. H. 376 (1851), makes the purpose clear. There the court in construing a similar statute, R. S., c. 181, s. 9, said: "The conclusion, then, to which the court [has] arrived, is that any and every absence, whether temporary or otherwise, which is such that the creditor cannot, during the same, make a legal service upon the debtor, must be reckoned;

that the intention of the legislature was, that all such absences should be considered . . . ." *Id.*, 385. To the same effect is *Quarles v. Bickford*, 64 N. H. 425 (1887), where the court reiterates this principle and says that "In order to prevent the running of the statute of limitations, the debtor's absence from the state must be such that process cannot be so served upon him that the judgment obtained in the suit will bind him personally." *Id.*, 426.

■ Having then in mind the purpose and objective of the tolling statute, we now consider the purpose and objective of the long-arm statute which, in certain classes of cases (including an action for the commission of a tort in this state), makes it possible by securing personal service on a defendant outside the state to secure a personal judgment against him in the courts of this state. The long-arm statute, in short, provides a sure, inexpensive and expeditious means of bringing certain defendants into the courts of this state.

■ The purpose of the statute of limitations is to compel actions to be commenced within what the legislature deemed to be a reasonable time, and not postponed indefinitely. However, the statute's operation could be tolled for what the legislature regarded as a good reason, *i.e.*, the inability to get personal service on a defendant by reason of his absence from the state. That reason having been removed in certain classes of cases by the long-arm statute, the tolling provision in such cases is no longer necessary, and the statute of limitations should again be permitted to perform its purpose of expediting litigation.

■ There is a compelling consideration of public policy also favoring the answer we have given. To hold otherwise would allow suits against nonresidents of the state upon whom personal service can be obtained to be postponed indefinitely. The evil results of long delay are too obvious to require recitation. We should not ascribe to the legislature an intent which would lead to such unfortunate consequences. *Bolduc v. Richards, supra; Whittington v. Davis*, 221 Ore. 209, 350 P.2d 913 (1960).

More than a quarter of a century ago the applicable rule in such a situation as we have presented was stated in 34 Am. Jur. *Limitation of Actions* § 221, as follows:

[A]lthough there is respectable authority to the contrary[4], most courts hold that under provisions tolling the statute of limitations during the time the defendant is not resident in or is absent from the state, the statute continues to run during the defendant's absence, if process could be served notwithstanding such absence.

One of the most recent statements is found in *Benally v. Pigman*, 78 N.M. 189, 191, 429 P.2d 648 (1967). There the trial court had dismissed certain actions, as barred by the statute of limitations. The New Mexico Supreme Court affirmed saying:

We do not reach the question whether the tolling statute was repealed by implication because the primary basis of the court's ruling, that the tolling statute was not applicable under these circumstances, was correct. The majority rule and better-reasoned cases on this subject hold that the tolling statute should not be applied if a defendant could be served with process, either actual or substituted, in which event a defendant's absence from the state does not toll the running of the Statute of Limitations. Friday v. Newman (Fla.App.1966), 183 So.2d 25. See also Kanuebbe v. McCuistion, 1934, 168 Okl. 165, 33 P.2d 1088; Reed v. Rosenfield, 1947, 115 Vt. 76, 51 A.2d 189 and cases cited therein; Bolduc v. Richards, 1958, 101 N.H. 303, 142 A.2d 156; see also Annotations 94 A.L.R. 485, 119 A.L.R. 331.

It is obvious that the purpose of the tolling statute was to prevent injustice by stopping the operation of the Statute of Limitations where there could be no service of process. Where there may be service, however, as under the "long-arm" statute, the tolling statute simply does not apply.

We have not quoted or discussed our own case of *Smith v. Forty Million, Inc.*, 64 Wn.2d 912, 395 P.2d 201 (1964) (discussed in both briefs), because we do not regard it as necessarily controlling. In the statute there construed

---

[4]In the intervening years since the text was written, the "authority to the contrary" is still respectable, but has become comparatively miniscule.

(RCW 46.64.040), the Secretary of State became the nonresident agent of every out-of-state motorist. The reasoning was that an out-of-state motorist, by his use of the highways of this state, agreed to make himself available for the service of process in any action growing out of such use by the designation of a lawful agent for that purpose—the Secretary of State. The statute, however, recognized the necessity of some form of personal notice to the out-of-state motorist to meet the requirements of due process.

There is no such method of in-state service under RCW 4.28.180 and 4.28.185. However, there is the requirement of personal service of summons and complaint on the tort-feasor who has left the state, which is a much surer guarantee of notice and due process than the more synthetic procedures provided by the statute under consideration in *Smith v. Forty Million, Inc., supra.*

The cases upholding the result reached in *Smith v. Forty Million, Inc., supra,* could now be said to be "legion." It is interesting to note that the reasoning in most of the opinions hinges not on the service of some public official in the state, but rather upon the proposition that a tolling statute does not apply when a plaintiff has available to him a means of securing personal service on a defendant which will make possible a personal judgment against him. *Reed v. Rosenfield,* 115 Vt. 76, 79, 51 A.2d 189 (1947), is an excellent example. In refusing to apply the tolling statute to the statute of limitations where a long-arm statute provided for personal service outside the state, the court said:

> By P. L. 5001, which was passed subsequently to P. L. 2860, as amended, the right is given a plaintiff in a case such as the one here to make service of process on a non-resident which would have the effect of personal service on him. He is by this statute made as amenable to service of process as he would be if residing in this state. It follows that the suspending provisions of P. L. 2860 relating to absence from and non residence in this state now have no application to cases such as the one at bar. Those provisions were intended to apply only to defendants who, for the reasons therein stated, are not amenable to service of process under authority of this state

within the two year period. To hold the contrary would permit a plaintiff in such a case to defer the institution of his action indefinitely, to the prejudice of a defendant which would be in conflict with the purpose of P. L. 2860 as hereinbefore stated. Also to hold the contrary would conflict with the primary purpose of P. L. 5001, namely the speedy adjudication of the respective rights of the parties in cases to which it applies.

The same result is reached, whether it be said, as by the New Mexico court (*Benally v. Pigman, supra*), that "the tolling statute was not applicable under the circumstances," or by the New Hampshire court (*Bolduc v. Richards, supra*), that the long-arm statute is a "pro tanto repeal" of the tolling statute, or by the Vermont court (*Reed v. Rosenfield, supra*), that the purpose of the tolling statute has been served when the long-arm statute brings the defendants in certain cases within the personam jurisdiction of the court, and tolling statutes will not be permitted to conflict with the primary purpose of the statute of limitations, "namely the speedy adjudication of the respective rights of the parties in cases to which it applies."

The reasons given may differ, but the answer of the courts to the Quaere stated at the beginning of this opinion is still "No". The judgment of dismissal is affirmed.

HUNTER, C. J., HALE and NEILL, JJ., and DONWORTH, J. Pro Tem., concur.