**Opinion issued July 9, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00496-CV

————————————

**EDDIE MEDINA, JR., Appellant**

**V.**

**GLORIA TATE D/B/A HUMBLE FAMILY SKATE CENTER AND
HUMBLE FAMILY SKATE CENTER, INC., Appellees**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2011-71097

**DISSENTING OPINION**

Today the Court announces a split from the Fourteenth Court of Appeals that

puts the trial judges in the ten counties served by the two Houston appellate courts

in a quandary: To toll or not to toll. I believe the Fourteenth Court of Appeals

correctly refused to toll limitations under section 16.063 of the CPRC for the periods of time a Texas resident travels out of state but remains subject to the personal jurisdiction of Texas courts. *See Zavadil v. Safeco Ins. Co.*, 309 S.W.3d 593 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (construing TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2008)). Such out-of-state travel does not constitute "absence from this state" as that phrase has been interpreted by the Texas Supreme Court and as similar phrases have been interpreted by the vast majority of other jurisdictions. I therefore dissent from the Court's holding that limitations does not bar Medina's claims against Tate; however, I join the Court in affirming the summary judgment as to Humble Family Skate Center.

## A. Texas Supreme Court broadly interprets "absence" in section 16.063

My disagreement with the Court's opinion in this case arises from its interpretation of the phrase "absence from this state" in section 16.063. TEX. CIV. PRAC. & REM. CODE ANN. § 16.063. Of course, the starting place for determining the meaning of any statutory phrase is the statute itself. Section 16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." *Id.* But "absence"—the statute's critical term—is not defined. A well-known dictionary provides that "absence" is "the state of being absent." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 4 (11th ed. 2003).

"Absent," in turn, is defined as "not present or attending." *Id.* "Presence," the antonym of "absence," means "the fact or condition of being present." *Id.* at 982.

As Justice Pope did in his dissenting opinion in *Vaughn v. Deitz*—a case determining that section 16.063's predecessor suspended limitations while the defendant was outside the territorial limits of Texas even though substituted service of process was available—I would answer the question of when a resident defendant is "absent" from the state for the purpose of tolling limitations under section 16.063 by determining whether the resident defendant is "present." 430 S.W.2d 487, 490 (Tex. 1968) (Pope, J., dissenting),[1] *overruled by Ashley v. Hawkins*, 293 S.W.3d 175 (Tex. 2009); *see also Wyatt* v. *Lowrance,* 900 S.W.2d 360, 361−63 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (refusing to undertake "literal" reading of section 16.063 because it would be contrary to legislative intent and would suspend limitations regardless of timing of person's departure or person's residency).

---

[1]    Justice Pope's dissent posited that, when a statute provides for substituted service, a defendant has a constructive presence in Texas. *Vaughn*, 430 S.W.2d at 491. He contended that "[t]he validity of such [substituted service] statutes is grounded upon the idea that such defendants are legally present through an agent; hence, are not really absent." *Id*. As Justice Pope noted, "[s]ound reasons exist" for construing substituted service statutes as fixing a defendant's presence in the state through their agent for service of process, including "requiring a plaintiff to proceed without delay or lose his rights" and "the avoidance of interminable delays while memories fade and witnesses die." *Id*. at 492−93.

Such was the approach taken by the Texas Supreme Court in *Kerlin*. There, the Court was asked to construe the tolling statute under different circumstances than are present here: (1) the defendant did not reside in Texas, either when the cause of action arose or when suit was filed; (2) a jury found that the defendant was not physically present in Texas when the cause of action arose; and (3) service of citation was pursued through the Secretary of State under the Texas longarm statute. *Kerlin v. Sauceda*, 263 S.W.3d 920, 922−24, 927−28 (Tex. 2008). Important here is the Court's rejection of a strict physical definition of the word "absence" and adoption of a more metaphysical definition of "presence." The Court held, "[I]f a nonresident is amenable to service of process under the longarm statute and has contacts with the state sufficient to afford personal jurisdiction . . . then we can discern no reason why a nonresident's 'presence' in this state would not be established for purposes of the tolling statute." *Id.* at 927.

In *Ashley*, the Court overruled *Vaughn* and extended *Kerlin* by holding that section 16.063 does not toll the limitations period when a resident defendant moves to another state after the cause of action accrued but remains amenable to service of process. 293 S.W.3d at 178−79. The *Ashley* plaintiff timely filed the lawsuit, but failed to achieve service of process under a longarm statute before the limitations period expired. *Id.* The Court concluded that "a defendant is 'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general

4

longarm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" *Id.* Thus, section 16.063 did not toll limitations.

Today, the Court concludes that we are bound by precedent that predates *Kerlin* and *Ashley* to construe section 16.063 more narrowly to require that any physical departure from the state during the limitations period not be included in calculating the limitations period.[2] I disagree with the Court that we are bound by these prior holdings after *Kerlin* and *Ashley*. While the Court distinguishes *Kerlin* because it involved a nonresident defendant, I would place less emphasis on this distinction because the critical inquiry in *Kerlin* was not the defendant's residence but the defendant's contacts with Texas. In addition, *Ashley* uses the more general term "defendant" (rather than "nonresident") in holding that a person "is 'present' in Texas, for the purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" 293 S.W.3d at 179.

There is no dispute in this case that Medina's claims would be time-barred absent the application of section 16.063 because he filed suit one day after

---

[2] The majority cites *Winston v. American Medical International, Inc.*, 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Ray v. O'Neal*, 922 S.W.2d 314, 316−17 (Tex. App.—Fort Worth 1996, writ denied); *Loomis v. Skillerns-Loomis Plaza, Inc.*, 593 S.W.2d 409, 410 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.); *Koethe v. Huggins*, 271 S.W. 143, 144 (Tex. Civ. App.—Amarillo 1925, no writ); *Bemis v. Ward*, 84 S.W. 291, 292−93 (Tex. Civ. App.—Dallas 1904, writ ref'd); and *Phillips v. Holman*, 26 Tex. 276 (1862).

limitations expired. To distinguish *Kerlin* because it involved a nonresident defendant creates the anomaly that limitations against a nonresident doing business in Texas may expire before limitations against a Texas resident. For reasons explained below, such a result is contrary to section 16.063's purpose of protecting Texas residents. If the Texas Supreme Court refused to toll limitations in *Ashley* when the suit was timely filed but untimely served (without a showing of diligence), then it is even more compelling that limitations should not be tolled when the suit was *untimely filed* because Tate's absence from the state did not prevent Medina from filing suit earlier.

**B.    A broad interpretation of "absence" is consistent with the purpose of section 16.063**

Not only are *Kerlin* and *Ashley* binding precedent that superseded this Court's prior construction of section 16.063, they also are consistent with section 16.063's purpose. The first "absent from the state" tolling statute was enacted in 1841 to protect Texas creditors from individuals who entered the state, contracted for a debt, and then absconded from the state to escape that obligation. *See Ayres v. Henderson*, 9 Tex. 539, 541 (1853); *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 722 (Tex. App.—San Antonio 1998, pet. denied) (stating that provision intended to benefit domestic creditors from "individuals who enter Texas, contract a debt, depart, and then default on the debt"); *Wyatt*, 900 S.W.2d at 362 (applying section 16.063 only after determining that section applied because

6

defendant fell squarely within statute's purpose, which was to protect domestic creditors from defaulting debtors who leave state); *Gibson v. Nadel*, 164 F.2d 970, 971 (5th Cir. 1947) (recognizing dominant purpose of section 16.063's predecessor is to protect Texans from loss caused by "absence of their debtors and consequent immunity of the latter from process and judgment"). Thus, the tolling provision addressed immunity from process and judgment issues and reflected a legislative policy decision to favor plaintiffs (normally Texas residents) against a nonresident defendant. The Court's construction here does not further these purposes because there is no dispute that Tate did not abscond to a foreign jurisdiction and was amenable to service of process during the limitations period.

## C. Other jurisdictions broadly interpret "absence" in similar tolling provisions

All fifty states have a statute like section 16.063 that tolls limitations during a defendant's absence from the jurisdiction. And, nearly every state has addressed the fundamental issue of whether application of the state's tolling statute is justified in light of the state's expanding reach with respect to service of process and personal jurisdiction. *See* Henry M. Pogorzelski, *For Whom Does the Statute Toll? Serious Concerns About our Antiquated Texas Tolling Statute*, 17 Rev. Litig. 589, 601 (1998). As amicus curiae in *Ashley*, the Texas Attorney General surveyed the laws of other states on this issue. The survey showed a clear majority rule. Forty-two states conclude that their respective tolling provisions do not apply when

the defendant (resident and nonresident alike) is amenable to service of process and thereby subject to personal jurisdiction.[3] *See Kerlin*, 263 S.W.3d at 928 (Brister, J., concurring) (observing that vast majority of other states have determined that person whose minimum contacts make them amenable to suit in state cannot fairly be said to be absent from state); *Vaughn*, 430 S.W.2d at 491−93 (Pope, J., dissenting) (surveying tolling provisions of other states). One more state

---

[3] *See e.g., Dickson v. Amick*, 662 S.E.2d 333, 337 (Ga. Ct. App. 2008); *Atkinson v. McLaughlin*, 462 F. Supp. 2d 1038, 1048 (D.N.D. 2006); *Hansen v. Larsen*, 797 A.2d 118, 122 (Md. Ct. Spec. App. 2002); *Shin* v. *Mclaughlin,* 967 P.2d 1059, 1065 (Hawaii 1998); *Meyer* v. *Paschal,* 498 S.E.2d 635, 638−39 (S.C. 1998); *Lund v. Hall,* 938 P.2d 285, 290 (Utah 1997); *Dalition v. Langemeier*, 524 N.W.2d 336, 341 (Neb. 1994); *Keller v. Crase*, 768 P.2d 905, 906 (Okla. 1989); *Brossman v. Fed. Deposit Ins. Corp.*, 510 A.2d 471, 472 (Del. 1986); *Simmons v. Trivelpiece*, 642 P.2d 1219, 1220 (Nev. 1982); *Bray v. Bayles,* 618 P.2d 807, 810 (Kan. 1980); *Beedie v. Shelley*, 610 P.2d 713, 716 (Mont. 1980); *Walsh* v. *Ogorzalek,* 361 N.E.2d 1247, 1250 (Mass. 1977); *Yarusso v. Arbotowicz*, 362 N.E.2d 600, 601 (N.Y. 1977); *Tarter* v. *Insco,* 550 P.2d 905, 910 (Wyo. 1976); *Lipe* v. *Javelin Tire Co.,* 536 P.2d 291, 294 (Idaho 1975); *Rivera v. Taylor*, 336 N.E.2d 481, 487 (Ill. 1975); *Selby v. Karman,* 521 P.2d 609, 611 (Ariz. 1974); *Long v. Moore*, 204 N.W.2d 641, 643−44 (Minn. 1973); *Am. States Ins. Co. v. Williams*, 278 N.E.2d 295, 301 (Ind. Ct. App. 1972); *Byrne* v. *Ogle,* 488 P.2d 716, 717 (Alaska 1971); *Will v. Malosky*, 247 A.2d 788, 790 (Pa. 1968); *Jarchow* v. *Eder,* 433 P.2d 942, 945 (Okla. 1967); *Benally v. Pigman*, 429 P.2d 648, 650−51 (N.M. 1967); *Smith* v. *Forty Million, Inc.,* 395 P.2d 201, 201−02 (Wash. 1964); *Hammel* v. *Bettison,* 107 N.W.2d 887, 893 (Mich. 1961); *Whittington v. Davis*, 350 P.2d 913, 915 (Or. 1960); *Bolduc v. Richards,* 142 A.2d 156, 158 (N.H. 1958); *Kokenge v. Holthaus*, 52 N.W.2d 711, 712 (Iowa 1952); *Peters* v. *Tuell Dairy Co.,* 35 So.2d 344, 345 (Ala. 1948); *Reed* v. *Rosenfield,* 51 A.2d 189, 191 (Vt. 1947); *Coombs* v. *Darling,* 166 A. 70, 71 (Conn. 1933); *Busby* v. *Shafer,* 66 N.W.2d 910, 911 (S.D. 1954); *Arrowood* v. *McMinn Cnty.,* 121 S.W.2d 566, 567 (Tenn. 1938); *Roess v. Malsby Co.*, 67 So. 226, 228 (Fla. 1915).

8

has suggested the same limitation in dicta.[4] Only two states have affirmatively stated that their tolling statutes apply regardless of the defendant's amenability to service.[5] As Justice Pope wrote in *Vaughn*,

> The Texas tolling statute . . . is not unique or different from those of other states, almost all of which have held that the presence or absence of a defendant must be solved in terms of jurisdiction over the person. If a defendant is within the jurisdiction of a state for purposes of process and an in personam judgment, he is present, not absent.

430 S.W.2d at 491.

**D.      Sound policy reasons justify a broad interpretation of "absence" under section 16.063**

Sound judicial and legislative policies support a broad interpretation of "absence" in section 16.063. A traditional purpose of statutes of limitation has been to promote justice by "compel[ling] the assertion of claims within a reasonable period while the evidence is fresh in the minds of the parties and witnesses." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). Thus, limitation periods are favored because they provide a date certain by which claims must be asserted and thereby compel a plaintiff to be diligent in the pursuit of its claims, provide a defendant with fair notice and an opportunity to prepare a defense, and prevent the litigation of stale claims. *See Matthews Constr.*

---

[4]      *See Ahearn v. Lafayette Pharmacal, Inc.*, 729 S.W.2d 501, 504 (Mo. Ct. App. 1987).

[5]      *See Dew v. Appleberry*, 591 P.2d 509, 513 (Cal. 1979); *Johnson v. Rhodes*, 733 N.E.2d 1132, 1133 (Ohio 2000).

*Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990); *Davis v. Howe*, 213 S.W. 609, 611 (Tex. Comm'n App. 1919, judgm't adopted). Limitation periods also serve society's broader interest "on the theory that the uncertainty and insecurity caused by unsettled claims hinder the flow of commerce." *Computer Assocs. Int'l*, 918 S.W.2d at 455 (quoting *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 545 (Tex. 1986)).

If courts extend the limitations period each time a resident defendant travels out of state for business or pleasure, the limitations period ceases to be a fixed point in time. Although the delay here was short—only one day—that will not be so in every case. Texas residents enjoy easy access to domestic and international travel. Imagine a motor vehicle accident occurs near Houston. There are three potential defendants: (1) a college student who resides in Houston but occasionally crosses the border into Louisiana to stay at his family's lake house, (2) a Dallas-based fashion designer who travels abroad several times each year in search of textiles, and (3) a Texarkana businessman who works each day on the Arkansas-side of the border. Even though the same event gives rise to the claims against each of these defendants and each of the defendants is amenable to service of process at all times, different limitations periods will apply. In addition, how is the trial court to measure the various periods of travel against the limitations period? While it is easy to calculate the fashion designer's temporary absences abroad that are

substantial in length, it is more difficult to calculate the college student's intermittent trips across the border or the working hours of the Texarkana businessman. The discovery burden will be heavy.

Tolling limitations against a resident defendant who occasionally leaves the state only aids a recalcitrant claimant who failed to file its suit timely. The policies behind the statutes of limitations are best served by applying section 16.063 only when the plaintiff cannot bring the claim because the defendant cannot be located or is beyond the reach of the court's jurisdiction. *See* Pogorzelski, 17 Rev. Litig. at 600−01 (suggesting that best application of section 16.063 is to toll limitations when defendant, whether Texas resident or not, incurs liability in Texas and goes into hiding or leaves country and burden of serving defendant becomes substantial); *see also Brown v. ProWest Transp., Ltd.*, 886 P.2d 223, 228−29 (Wash. Ct. App. 1994) (holding that tolling applies when defendant willfully evades process, despite being amenable to service by publication); *Greenwood v. Wierdsma*, 741 P.2d 1079, 1083 (Wyo. 1987) (making clear that amenability requires that plaintiff know defendant's whereabouts); *Keck v. Pickens*, 182 S.W.2d 873, 874−75 (Ark. 1944) (holding that tolling is triggered by "concealment," such as when defendant prevents successful prosecution of suit or leaves jurisdiction to avoid legal process).

11

## Conclusion

I agree with our sister court in Houston that the tolling provision in section 16.063 is not meant to apply every time a Texas resident leaves our state's boundaries for a vacation or a business trip so that plaintiffs are given additional time to file an otherwise time-barred suit even though the resident defendant is at all times amenable to service of process. *Zavadil*, 309 S.W.3d at 595. Such a conclusion is mandated by Texas Supreme Court authority and favored by legislative intent. Additionally, it follows the great majority of jurisdictions and is buttressed by a concern for the effectiveness of our statutes of limitations. Because of the importance of this issue and the practical difficulties associated with our split from the other Houston court of appeals, I urge the Texas Supreme Court to resolve the split.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Justice Brown, dissenting.